(969 P.2d 259)

No. 80,796

MICHAEL C. MADISON, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

Opinion filed December 18, 1998.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chartered, of Norton, for appellant.

*James G. Keller*, of Kansas Department of Revenue, of Topeka, for appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

MARQUARDT, J.: Michael Madison appeals from the administrative suspension of his driver's license for refusing to take a breath test following his arrest for driving while under the influence of alcohol (DUI). Madison contends that the police officer lacked reasonable suspicion to stop his vehicle, that the officer lacked probable cause to arrest him for DUI, and that the officer's improper completion of a certification form precluded the suspension of his license. We affirm.

We have carefully reviewed the record and find that the district court's findings of fact are supported by substantial evidence and that the trial court correctly concluded that the officer had reasonable suspicion to stop and question Madison and had probable cause to arrest him for DUI.

Madison contends that the Kansas Department of Revenue (KDR) is precluded from suspending his license because the officer "incorrectly" completed KDR's form DC-27. The form calls for the officer to complete and certify questions one through eight when a licensee fails or refuses a breath test. The form additionally requires the officer to certify to questions 9 through 11 when the

licensee fails a breath test. The officer in this case certified all 11 questions even though Madison refused to take the requested test.

Madison contends that the Supreme Court's decision in *State v. Bunker*, 260 Kan. 564, 920 P.2d 403 (1996), mandates the exclusion of test results or test refusals if the form is completed improperly. We disagree. In *Bunker*, the Supreme Court answered the narrow issue of statutory interpretation in a prosecution's appeal on a question reserved. In that case, the Supreme Court was faced with the limited question of "whether the K.S.A. 1995 [now 1997] Supp. 8-1001(f)(4) savings clause for 'technical irregularities' applies only to commercial motor vehicle operators." 260 Kan. at 564. See, *e.g.*, *State v. Carter*, 264 Kan. 226, 230, 955 P.2d 119 (1998); *State v. Taylor*, 262 Kan. 471, 474-75, 939 P.2d 904 (1997); and *State v. Mountjoy*, 257 Kan. 163, 167, 891 P.2d 376 (1995) (all finding no statutory basis to allow State or defendant to expand the issues on appeal beyond the specific questions reserved by the State).

K.S.A. 1997 Supp. 8-1001 concerns tests for alcohol or drugs and the procedures for performing the test. K.S.A. 1997 Supp. 8-1002 deals with refusal or failure of the test, suspension of the license, and procedures for notice and hearing. K.S.A. 1997 Supp. 8-1002 requires law enforcement officers to prepare a certification of any testing failures or test refusals. The statute does not contemplate and the appellate courts have not found that technical errors in completing these certifications, by themselves, constitute any basis to suppress the test results or evidence of refusals to take the test. We find no evidence in the statute that the legislature intended to suppress such evidence merely because the certification has minor errors.

The Supreme Court in *Bunker* did not address the issue of the trial court's decision that an error in the certification was grounds for suppression. In fact, the Supreme Court previously noted that "[s]ubstantial compliance . . . will usually be sufficient to meet the requirements of K.S.A. 1990 Supp. 8-1001(f)(1) and amendments thereto." *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, Syl. ¶ 2, 840 P.2d 448 (1992). See *State v. Branscum*, 19 Kan. App. 2d 836, 839, 877 P.2d 458 (1994). This case involves alleged defects in the certification, not in the notices given. There is no evidence

the police officer failed to give Madison the required notices, both written and oral, before asking Madison to submit to a breath test.

We hold that minor errors in the officer's certification required by K.S.A. 1997 Supp. 8-1002 are not a basis for the suppression of the evidence that the driver refused to submit to drug or alcohol testing or that the driver failed such tests.

Affirmed.