No. 83,019

STATE OF KANSAS, *Appellant*, v. SCOTT BAKER, *Appellee.*

(2 P.3d 786)

Opinion filed June 2, 2000.

*Thomas R. Stanton*, assistant county attorney, argued the cause, and *Julie A. McKenna*, county attorney, and *Carla Stovall*, attorney general, were with him on the brief for appellant.

*Wm. Rex Lorson*, of Salina, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Scott Baker, was arrested and charged with driving under the influence of alcohol in violation of K.S.A. 1999 Supp. 8-1567(a)(2). The district magistrate judge suppressed his blood alcohol test because the officer failed to check the box on the Kansas Department of Revenue Form DC-27 certifying that the officer had probable cause to believe the defendant was driving a vehicle while under the influence of alcohol. The district court, on appeal, affirmed the suppression, and the case comes before this court on an appeal by the State. We reverse and remand for further proceedings.

The facts are not disputed. The defendant submitted to a blood alcohol test that indicated a blood alcohol level of .199. The only question presented is whether the officer's failure to check the appropriate box on the DC-27 form mandates suppression of the blood alcohol test administered by the officer. We note that in administrative proceedings before the Department of Motor Vehicles, Scott Baker's privilege to drive was not suspended. Thus, this opinion deals only with the defendant's prosecution for a violation of K.S.A. 1999 Supp. 8-1567(a)(2).

The district court affirmed the magistrate's suppression of the blood alcohol test based upon our recent decision in *State v. Bunker*, 260 Kan. 564, 920 P.2d 403 (1996). In that case, Bunker was arrested for driving under the influence. He refused the officer's request that he take a breath test. The officer attempted to give Bunker notice, as required under K.S.A. 1995 Supp. 8-1001, using Kansas Department of Revenue Form DC-27 entitled "Officer's Certification and Notice of Suspension." However, the officer improperly completed certification on the form by checking certain boxes, instead of initialing them.

In a pretrial motion, Bunker sought to keep out any evidence that he had refused to take the breath test on the basis that the officer improperly completed the DC-27 form. Bunker's refusal to take the test was suppressed. 260 Kan. at 565. No appeal was taken from the suppression of Bunker's refusal to take the test. Instead, *Bunker* came before this court on a very narrow question reserved by the State:

"[W]hether the K.S.A. 1995 Supp. 8-1008(f)(4) savings clause for 'technical irregularities' applies only to commercial motor vehicle operators." 260 Kan. at 564.

The savings clause referred to in *Bunker* is set forth in K.S.A. 1995 Supp. 8-1001(f)(4), which provides: "No test shall be suppressed because of technical irregularities in the consent or notice pursuant to K.S.A. 8-2,145, and amendments thereto." The State argued in *Bunker* before the trial court and on appeal that the savings clause applies not only to drivers of commercial vehicles but to all drivers. Bunker was not a commercial driver. Based on

the clear language of the statute, we held that the trial court was correct in its decision that the savings clause applied only to drivers of commercial vehicles. 260 Kan. at 567.

In reaching its conclusion that *Bunker* required the suppression of the defendant's blood alcohol test result in the case at hand, the district court apparently reasoned as follows: (1) The defendant was not a commercial driver; (2) the officer's failure to check the appropriate box on the DC-27 form was a technical error; (3) the savings clause in 8-1001(f)(4) did not save the technical error; and (4) therefore, the test results must be suppressed. If so, this reasoning is faulty because our decision in *Bunker* did not deal with suppression. Thus, the district court erred in suppressing the blood alcohol test in this case based on *Bunker*.

Unlike *Bunker*, the question in this case is whether the officer's failure to check the box on the DC-27 form which indicated that the officer had reasonable grounds to believe that the defendant was operating or was attempting to operate a motor vehicle while under the influence of alcohol or drugs, or both, mandates suppression of the blood alcohol test upon criminal prosecution of the defendant for driving under the influence. This question is one of first impression in this court.

Kansas looks upon driving as a privilege to which conditions may be exacted. Any person who operates or attempts to operate a motor vehicle within this State is deemed to have given consent, subject to provisions of law, to submit to one or more tests of the person's blood, breath, urine, or other bodily substance to determine the presence of alcohol or drugs. K.S.A. 1999 Supp. 8-1001. This court has examined the implied consent laws of this State and recognized that such laws are essentially remedial, are enacted for the protection of the citizens of this State, and are not punitive in nature. *State v. Mertz*, 258 Kan. 745, 907 P.2d 847 (1995).

Form DC-27 was developed by the Kansas Department of Revenue as an aid to law enforcement officers, the Kansas Motor Vehicle Department, and an operator of a motor vehicle facing an officer's request that he or she submit to alcohol or drug testing. There are two areas covered in the form. One area concerns the notification that must be given to the vehicle operator before a test

or tests are administered. The information required to be given to such an operator is very specific and is set forth in K.S.A. 1999 Supp. 8-1001(f). The second area concerns certification by the officer after either a test failure or a test refusal as set forth in K.S.A. 1999 Supp. 8-1002. The law again is very specific as to what the officer must certify in the case of a refusal or failure of the test. K.S.A. 1999 Supp. 8-1002(a)(1) and (2).

Notification under K.S.A. 1999 Supp. 8-1001 and certification under K.S.A. 1999 Supp. 8-1002 have been treated separately under our law. The notification requirements under K.S.A. 1999 Supp. 8-1001 concern certain information of which an officer must advise the operator of a motor vehicle before administering a test. We have held that the provisions of K.S.A. 1999 Supp. 8-1001(f)(1) are mandatory. *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 755 P.2d 1377 (1988). The failure to provide such notice will result in suppression of the test results in a criminal prosecution of the operator. *State v. Luft*, 248 Kan. 911, 913, 811 P.2d 873 (1991). See *State v. Kelly*, 14 Kan. App. 2d 182, 190-92, 786 P.2d 623 (1990). Failure to give proper notices under K.S.A. 1999 Supp. 8-1001 has been treated in a similar manner as a violation of the *Miranda* warning. *State v. Kelly*, 14 Kan. App. 2d at 191-92.

However, we have never held that failure to properly check the boxes on the DC-27 form, which certify that the notice requirements have been given, mandates suppression. In *Barnhart*, we held that while the notice provisions in K.S.A. 1999 Supp. 8-1001 are mandatory, the notice did not need to be given in the exact words of the statute and substantial compliance would be sufficient. 243 Kan. at 213. See also *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, Syl. ¶ 2, 840 P.2d 448 (1992) ("Substantial compliance . . . will usually be sufficient to meet the requirements of K.S.A. 1990 Supp. 8-1001[f][1] and amendments thereto.)." Thus, the officer may substantially comply with the statute and avoid suppression even if the officer neglects to check the boxes on a DC-27 form.

The certification requirements of K.S.A. 1999 Supp. 8-1002 are somewhat different in nature in that they concern matters that occur after a test failure or test refusal. Under K.S.A. 1999 Supp.

8-1002, the officer is required to take certain steps to certify the testing results, including certification that the equipment used was itself certified by the Kansas Department of Health and Environment. The deficiency in this case falls under K.S.A. 1999 Supp. 8-1002, the officer's certification. We have recognized these matters are foundational in nature and have an evidentiary quality to them. *State v. Muck*, 262 Kan. 459, 939 P.2d 896 (1997); *State v. Rohr*, 19 Kan. App. 2d 869, 871, 878 P.2d 221 (1994). The DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein. See K.S.A. 1999 Supp. 8-1002(b). Thus, the DC-27 form, if properly completed, is a tool which satisfies the foundational requirements for admission of the results of a defendant's blood alcohol test or refusal to take the test. However, its proper completion is not an absolute requirement for such admission.

The failure to properly check the boxes on the DC-27 form will result in the form itself not being admissible to prove the statements that were not checked. However, the failure to check the boxes does not mandate suppression. Rather, the failure to check the box on the DC-27 form requires that the State use actual competent testimony to meet the foundational requirements of K.S.A. 1999 Supp. 8-1002 in order for the blood alcohol test result or refusal to be admissible in evidence.

Recently, the Kansas Court of Appeals in *Madison v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 760, 969 P.2d 259 (1998), addressed an issue similar to the one that we now resolve. The question in *Madison* was whether the incorrect completion of the DC-27 form mandated the exclusion of the test results or refusal. The officer in *Madison* had correctly completed and certified question one through eight on the form which dealt with test refusal and then had incorrectly completed and certified questions nine through eleven, which dealt with test failure. The Court of Appeals correctly interpreted *Bunker*, holding that it did not address the suppression issue. The Court of Appeals then held that the errors dealt with the certification rather than the notice given and found that minor errors in the certification were not a basis of suppres-

sion. 25 Kan. App. 2d at 761-62. In so doing, the Court of Appeals concluded:

"The statute does not contemplate and the appellate courts have not found that technical errors in completing these certifications, by themselves, constitute any basis to suppress the test results or evidence of refusals to take the test. We find no evidence in the statute that the legislature intended to suppress such evidence merely because the certification has minor errors." 25 Kan. App. 2d at 761.

We agree with the Court of Appeals and hold that in a criminal prosecution, the results of a defendant's blood alcohol test or refusal to take the same will be admissible where the State meets the requirements for admissibility contained in K.S.A. 1999 Supp. 8-1001 and 8-1002. The State may seek to establish a foundation for admission through the use of the completed DC-27 form, through competent testimony, or through a combination of the two. The mere failure to check the appropriate box on the DC-27 form does not require suppression of the test results or refusal, where the foundational requirements of K.S.A. 1999 Supp. 8-1001 and 8-1002 are met.

The failure of the officer in this case to check the appropriate box on the DC-27 form, certifying that he had reasonable belief that the defendant was driving the vehicle while under the influence of alcohol, does not automatically require suppression of the blood alcohol test results. The decision of the trial court is reversed, and the case is remanded for further proceedings at which time the State is free to attempt to establish the foundation required for the admission of the results.

Reversed and remanded for further proceedings.