NOT DESIGNATED FOR PUBLICATION

No. 112,448

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LINDSAY ALT,
*Appellant,*

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee.*


MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed October 30, 2015. Affirmed.

*Michael S. Holland, II*, of Russell, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.


Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*:  Lindsay Alt appeals the district court's decision to uphold the administrative suspension of her driver's license based on the admission into evidence the certified DC-27 form completed at the time of her arrest without the certifying officer being present to testify at trial. We find pursuant to K.S.A. 2014 Supp. 8-1001(b), the certified form was legally admissible and this issue is controlled by *State v. Baker*, 269 Kan. 383, 2 P.3d 786 (2000). We affirm.

1

FACTS

Alt was arrested for driving under the influence of alcohol. An Officer's Certification and Notice of Suspension, Form DC-27, initiating suspension proceedings under the Kansas Implied Consent Law was completed by Deputy Lance Fisher of the Ellis County Sheriff's Department. The DC-27 form contained the following facts:

On January 31, 2014, Deputy Fisher saw a vehicle pulled over on the side of the road. Because of recent fire and criminal activity in the area, Deputy Fisher stopped his vehicle to identify the occupants and discover why the vehicle was stopped on the side of the road. However, when Deputy Fisher pulled in behind the vehicle, the vehicle suddenly took off. Deputy Fisher stopped the vehicle. When Deputy Fisher spoke with the driver of the vehicle, Alt, he noticed several indicators Alt was intoxicated, including: An alcoholic beverage odor, bloodshot eyes, and slurred speech. There were also alcoholic beverages in the vehicle despite Alt being under the age of 21. Alt admitted she had been drinking and failed field sobriety tests and a preliminary breath test. After Alt was arrested for driving under the influence, she submitted to, and failed, a breath test.

Alt timely requested an administrative hearing and, per K.S.A. 2014 Supp. 8-1020(g), requested the certifying officer be present at the hearing. Deputy Fisher appeared for the hearing. Following the administrative hearing, the hearing officer affirmed the administrative action. Alt then filed a petition for review in the Ellis County District Court claiming the officer did not have reasonable grounds to believe she was operating her vehicle while under the influence of alcohol.

After the case was set for trial on the same day as several other cases dealing with driver's license suspension issues, counsel for the Kansas Department of Revenue

2

(KDOR) sent a letter to Alt's counsel stating the KDOR would no longer be issuing subpoenas for certifying officers to appear at trial. It was KDOR's stance that if Alt wanted the certifying officer's presence at trial, it was Alt's responsibility to subpoena the officer. Alt did not issue a subpoena for Deputy Fisher.

On the day of the trial, the district court had several cases set for trial dealing with the suspension of driving privileges based on the certified DC-27 form. The primary issue of the cases, including Alt's, was whether the DC-27 form was admissible into evidence under K.S.A. 2014 Supp. 8-1002(b) even if the officer who certified the DC-27 form was not present to testify at the de novo trial. Arguments were offered in the first case on the docket, *Werner v. Kansas Department of Revenue.* The district court ruled in Werner's case that the DC-27 form certified by the officer was admissible without any additional foundation and would be considered for purposes of reasonable grounds. Then, counsel and the district court agreed the arguments and decision from Werner's case could be incorporated in the other cases, including Alt's.

KDOR offered the DC-27 form for admission pursuant to K.S.A. 2014 Supp. 8-1002(b), and it was admitted over Alt's objection. Based on the evidence contained in the DC-27 form, the district court found the deputy had reasonable grounds to believe Alt was operating her vehicle while under the influence of alcohol and denied her petition for review.

Alt timely appeals.

ANALYSIS

*Did the district court err in admitting the DC-27 form into evidence?*

On appeal, Alt argues that under K.S.A. 2014 Supp. 8-1002(b),

"the DC-27 form was only admissible as a procedural or charging document as evidence in order to establish jurisdiction and the relevant dates necessary to proceed under the Kansas Implied Consent Law and [was] not intended to be admitted as relevant testimony regarding a reasonable grounds determination without the certifying officer actually being present."

Furthermore, Alt argues:

"The statute does not contain any language creating a rebuttable presumption that any of the boxes checked, or statements written down by the officer in the DC-27 form should be taken as factually true or correct until 'rebutted.' Instead, as argued before the trial court, just because the DC-27 form is admissible, because it is essentially the complaint which starts the suspension proceedings under the Kansas Implied Consent Law, does not mean that each and every one of the hearsay statements or allegations made by the officer in the DC-27 form should be taken as true during the trial de novo, particularly when the certifying officer fails to appear to testify."

A court's consideration of the admissibility of evidence can also require application of statutory rules controlling the admission and exclusion of certain types of evidence. These statutory rules are applied as a matter of law or as an exercise of the trial court's discretion, depending on the applicable rule. *State v. Bowen*, 299 Kan. 339, 348, 323 P.3d 853 (2014). An appellate court exercises de novo review of a challenge to the adequacy of the legal basis of a district judge's decision on admission or exclusion of evidence. *Bowen*, 299 Kan. at 349. When the question of whether the trial court complied with specific statutory requirements for admitting evidence requires interpretation of a

4

statute, appellate review is de novo. See *Schlaikjer v. Kaplan*, 296 Kan. 456, 463-64, 293 P.3d 155 (2013).

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015); *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 955, 335 P.3d 1178 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Neighbor,* 301 Kan. at 918. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Cady*, 298 Kan. at 738-39.

The Kansas Supreme Court no longer applies the doctrine of operative construction. That doctrine required the court to give deference to administrative agencies' interpretations of their own implementing statutes when construing such statutes. The doctrine is now invalid. *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013) ("the doctrine of operative construction . . . has been abandoned, abrogated, disallowed, disapproved, ousted, overruled, and permanently relegated to the history books where it will never again affect the outcome of an appeal").

The portion of K.S.A. 2014 Supp. 8-1002 at issue states:

"(b) For purposes of this section, certification [of the DC-27 form] shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof shall be admissible in evidence in all proceedings brought pursuant

5

to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein. Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor."

K.S.A. 2014 Supp. 8-1002(b) has previously been interpreted and applied by the Kansas Supreme Court in *State v. Baker*, 269 Kan. 383, 2 P.3d 786 (2000), and the Kansas Court of Appeals in an unpublished decision in which *Baker* is applied and Alt's counsel was the attorney of record. See *Moore v. Kansas Dep't of Revenue*, No. 107,810, 2013 WL 5925901 (Kan. App. 2013) (unpublished opinion). Alt fails to address or distinguish the *Baker* or *Moore* decisions in her brief, despite the fact the record reflects the decisions were used by the district court in support of its ruling. Alt's failure to recognize *Baker* as precedent this court is duty bound to follow appears to be a violation of Supreme Court Rule of Professional Conduct 3.3(a)(2) (2014 Kan. Ct. R. Annot. 612), which states: "A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." See Rotunda & Dzienkowski, The Lawyer's Deskbook on Professional Responsibility § 3.3-2 (2015-2016) ("The lawyer . . . has an affirmative duty to volunteer to the tribunal any legal authority in the controlling jurisdiction that he knows is directly adverse to his client's position.").

In *Moore*, a panel of this court found the language in K.S.A. 2014 Supp. 8-1002(b) was plain and unambiguous:

"[K.S.A. 2014 Supp. 8-1002(b)] states the legislature's determination that an officer's DC-27 certification shall be admissible as evidence in all proceedings provided for in the Implied Consent Act relating to alcohol testing for driving under the influence of drugs or alcohol. This would include a trial de novo, like the one under review, requested by a

6

licensee who files a petition for review of the [KDOR]'s order to suspend driving privileges." 2013 WL 5925901, at *5.

The *Moore* panel found support for its interpretation of the statute in *Baker*. In *Baker*, the issue was whether the DC-27 form was properly suppressed due to the officer's failure to check the box on the DC-27 certification that the officer had probable cause to believe Baker was driving while under the influence. In addressing the issue, the Kansas Supreme Court held:

"The DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein. See K.S.A. 1999 Supp. 8-1002(b). Thus, the DC-27 form, if properly completed, is a tool which satisfies the foundational requirements for admission of the results of a defendant's blood alcohol test or refusal to take the test. However, its proper completion is not an absolute requirement for such admission." *Baker*, 269 Kan. at 387.

The Kansas Supreme Court went on to find that in cases where the DC-27 form is not properly completed,

"[t]he failure to properly check the boxes on the DC-27 form will result in the form itself not being admissible to prove the statements that were not checked. However, the failure to check the boxes does not mandate suppression. Rather, the failure to check the box on the DC-27 form requires that the State use actual competent testimony to meet the foundational requirements of K.S.A. 1999 Supp. 8-1002 in order for the blood alcohol test result or refusal to be admissible in evidence." *Baker*, 269 Kan. at 387.

There is no indication Alt's DC-27 form was not properly completed. *Baker* is dispositive of this issue: "The State may seek to establish a foundation for admission through the use of the completed DC-27 form, through competent testimony, or through a combination of the two." 269 Kan. at 388. The DC-27 form was admissible under K.S.A.

7

2014 Supp. 8-1002(b) on its own and without the need for actual competent testimony. The district court did not err in admitting the DC-27 form into evidence.

Affirmed.