NOT DESIGNATED FOR PUBLICATION

No. 112,138

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MITCHELL SCOTT BEIMS,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.


MEMORANDUM OPINION


Appeal from Thomas District Court; EDWARD E. BOUKER, judge. Opinion filed November 6, 2015. Affirmed.


*Michael S. Holland II*, of Russell, for appellant.


*John D. Shultz*, deputy general counsel, of Kansas Department of Revenue, for appellee.


Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.


*Per Curiam:* Mitchell Scott Beims claims the district court erred when it admitted the police officer's certification and notice of suspension form, commonly called the Form DC-27, as evidence in lieu of testimony from the officer. Following reasoning adopted in prior cases, we reject Beims' appeal.


Kansas Highway Patrol Trooper Adam Medlicott arrested Beims for DUI after he failed multiple field sobriety tests and refused a breath test. His Intoxilyzer score was .092. Trooper Medlicott gave Beims a DC-27 indicating that Beims had an odor of

1

alcoholic beverage, alcoholic containers in the vehicle, failed multiple field sobriety tests, and failed a blood alcohol test.

Beims filed a timely request for an administrative hearing and requested that Trooper Medlicott be subpoenaed for the hearing along with all evidence regarding the matter. Trooper Medlicott testified at Beims' administrative hearing. After hearing all of the evidence, the hearing officer affirmed the suspension of Beims' driver's license.

Beims then sought review in the district court arguing that Trooper Medlicott lacked reasonable grounds to request a test and the trooper failed to follow proper field sobriety protocol. At trial, Beims objected to the admission of the DC-27 into evidence because it was similar to a complaint in a criminal case or a petition in a civil case and it was not intended to be evidence, especially since Trooper Medlicott was not present at the trial.

Beims testified about the stop and denied failing any of the DUI indicators. The Kansas Department of Revenue attorney cross-examined Beims on all of the factors witnessed by Trooper Medlicott including the blood-alcohol test result and the DC-27. At the end of the hearing, the trial court did not rule on the admissibility of the DC-27 but took the issue under advisement.

The trial court overruled Beims' objection to admission of the DC-27 evidence. Based on the clear language in K.S.A. 2014 Supp. 8-1002(b) and the cases interpreting that statute, the trial court held that a properly completed DC-27 must be considered by the court as evidence and that failure to do so would be error. The court concluded that considering all of the testimony and evidence, Beims' petition was denied because he failed to prove that Trooper Medlicott did not have reasonable grounds to believe that Beims was operating his vehicle while under the influence of alcohol.

2

This appeal is limited to a question of law. K.S.A. 2014 Supp. 8-1002(b) provides:

"For purposes of this section, certification shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof shall be admissible in evidence in all proceedings brought pursuant to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein. Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor."

Two prior cases have addressed this issue. In *Moore v. Kansas Department of Revenue*, No. 107,810, 2013 WL 5925901, at \*5 (Kan. App. 2013) (unpublished opinion), the court found K.S.A. 2010 Supp. 8-1002(b) was plain and unambiguous. The *Moore* court relied on *State v. Baker*, 269 Kan. 383, 2 P.3d 786 (2000), in finding the DC-27 is admissible as evidence in a driving license suspension proceeding.

In discussing *Baker*, the *Moore* court found its discussion of K.S.A. 8-1002(b) was essential. The *Baker* court stated, in part: "The DC-27 form promulgated by the [Kansas Department of Revenue], if properly completed, is *a tool which satisfies the foundational requirements* for admission of the results of a defendant's blood alcohol test or refusal to take the test." (Emphasis added.) 269 Kan. 383, Syl. ¶ 1. The *Moore* court found the *Baker* court left no doubt when it stated: "The DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. Once the certification requirements are completed, *the DC-27 form is admissible as evidence to prove the statements contained therein*. See K.S.A. 1999 Supp. 8-1002(b)." (Emphasis added.) 269 Kan. at 387. In the context of a criminal prosecution and the evidence of a defendant's blood alcohol test, or refusal to take the same, the *Baker* court held: "The State may seek to establish a foundation for admission through the use of a completed DC-27 form, through competent testimony, or through a combination of the two." 269 Kan. 383, Syl. ¶ 2.

3

In *Moore*, the certifying officer did not testify, but the court still held:

> "We find K.S.A. 2010 Supp. 8-1002(b) is plain and unambiguous. It states the legislature's determination that an officer's DC-27 certification shall be admissible as evidence in all proceedings provided for in the Implied Consent Act relating to alcohol testing for driving under the influence of drugs or alcohol. This would include a trial de novo, like the one under review, requested by a licensee who files a petition for review of the KDR's order to suspend driving privileges." 2013 WL 5925901 at *5.

We see no reason that would compel us to rule differently.

The issue of whether reasonable grounds existed to believe that Beims operated a vehicle while under the influence of alcohol is a question of fact. The scope of appellate review, therefore, is whether there is substantial competent evidence to support the findings of the district court. *Sullivan v. Kansas Dept. of Revenue*, 15 Kan. App. 2d 705, 707, 815 P.2d 566 (1991).

Beims does not allege that Trooper Medlicott's completed DC-27 certification was defective or deficient in any way. The evidence before both lower tribunals substantially supported the findings that Beims had an odor of alcoholic beverage coming from him, his eyes were bloodshot, and his speech was slurred. Alcoholic containers were found in Beims' vehicle. Beims failed several field sobriety tests, refused a breath test, and later failed a blood alcohol test according to the Intoxilizer. Reasonable grounds existed for Trooper Medlicott to request a test.

Affirmed.