NOT DESIGNATED FOR PUBLICATION

No. 112,924

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN MILLER,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD E. BOUKER, judge. Opinion filed November 20, 2015.
Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Schultz*, deputy general counsel, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

POWELL, J.:  The Kansas Department of Revenue (KDR) suspended Steven Miller's driver's license due to his refusal to submit to a blood test. Miller challenged his suspension in the district court, contending law enforcement lacked reasonable grounds to believe he was operating his vehicle while under the influence of alcohol. At the de novo review hearing, the district court admitted, over Miller's objection, the DC-27 form pursuant to K.S.A. 2014 Supp. 8-1002(b) and, based on the evidence contained therein, upheld the suspension of Miller's driver's license. Miller now appeals, claiming the district court should not have admitted the DC-27 form without a proper foundation having been laid. We disagree and affirm.

1

On September 12, 2013, Officer Brian Lee of the Hays Police Department stopped Miller's vehicle for a failure to use designated lane. When Lee spoke to Miller he detected an odor of alcohol; Miller's eyes were bloodshot, his speech was slurred, and he had difficulty communicating. Miller also stated that he had consumed alcohol. Miller failed the field sobriety tests as well as a preliminary breath test and was arrested for driving under the influence of alcohol (DUI). Miller refused to submit to a blood test. Consequently, Lee then served Miller with an Officer's Certification and Notice of Suspension Form (DC-27), which contained the relevant information about the officer's stop and DUI investigation.

Miller timely requested an administrative hearing before the KDR. Upon Miller's request, the KDR subpoenaed the certifying officer, Lee, to compel his attendance at the administrative hearing. Lee appeared at the hearing, the DC-27 form was admitted, and the administrative hearing officer affirmed the suspension of Miller's driver's license.

Miller then filed a petition for judicial review in the Ellis County District Court, arguing the officer lacked reasonable grounds to request testing under the Kansas Implied Consent Law. Prior to trial, Miller's counsel was informed that the KDR no longer issued subpoenas for certifying officers to appear at trial. It was the KDR's stance that because Miller had the burden of proof, it was his responsibility to issue the subpoena to assure the certifying officer's appearance at trial. Miller's counsel failed to subpoena the certifying officer, so Lee did not appear.

At trial, the KDR offered a copy of the DC-27 form into evidence. It was admitted over Miller's objection that if the certifying officer was not at trial to testify then the DC-27 form could not be admitted as substantive evidence as to the reasonable grounds used

2

to request testing. Based on the evidence contained in the DC-27 form, the trial court held that the officer had reasonable grounds to believe Miller was operating his vehicle while under the influence of alcohol and affirmed the agency's suspension of Miller's driver's license.

Miller timely appeals.

DID THE DISTRICT COURT ERR BY ADMITTING THE DC-27 FORM INTO EVIDENCE?

While offering no complaint that the DC-27 form was defective or deficient in any way, Miller's counsel argues in his brief that "the DC-27 form [is] only admissible as a procedural or charging document as evidence in order to establish jurisdiction and the relevant dates necessary to proceed under the Kansas Implied Consent Law and is not intended to be admitted as relevant testimony regarding a reasonable grounds determination without the certifying officer actually being present." Counsel offers no support for this proposition.

Our consideration of the admissibility of evidence requires the application of statutory rules controlling the admission and exclusion of certain types of evidence. These statutory rules are applied as a matter of law or as an exercise of the trial court's discretion, depending on the applicable rule. *State v. Bowen*, 299 Kan. 339, 348, 323 P.3d 853 (2014). Here, Miller challenges the legal basis of the district court's decision to admit the DC-27 form as evidence; consequently, we exercise de novo review of a challenge to the adequacy of the legal basis of a district court's decision on the admission or exclusion of evidence. See 299 Kan. at 349.

The relevant portion of K.S.A. 2014 Supp. 8-1002 states:

"(b) For purposes of this section, certification [of the DC-27 form] shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or

3

proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof shall be admissible in evidence in all proceedings brought pursuant to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein. Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor."

In interpreting this provision, our Supreme Court has stated unequivocally that "[t]he DC-27 form contains the certifications required by K.S.A. [] 8-1002. Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein." *State v. Baker*, 269 Kan. 383, 387, 2 P.3d 786 (2000). Likewise, our court, relying on *Baker*, has stated:

"We find K.S.A. [] 8-1002(b) is plain and unambiguous. It states the legislature's determination that an officer's DC-27 certification shall be admissible as evidence *in all proceedings* provided for in the Implied Consent Act relating to alcohol testing for driving under the influence of drugs or alcohol. This would include a trial de novo, like the one under review, requested by a licensee who files a petition for review of the KDR's order to suspend driving privileges." (Emphasis added.) *Moore v. Kansas Dep't of Revenue*, No. 107,810, 2013 WL 5925901, at *5 (Kan. App. 2013) (unpublished opinion).

It is clear to us, particularly in light of the above authorities, that K.S.A. 2014 Supp. 8-1002(b) unambiguously allows for exactly what the district court did in this case: permit the admission of a properly completed DC-27 form without additional foundation having to be laid and allow the statements contained therein to be used to establish that the officer had reasonable grounds to believe that Miller was operating his vehicle while under the influence of alcohol.

Of particular concern to us is the fact that Miller's counsel fails to address either case in his brief, despite the fact that both opinions were used by the district court in

4

support of its decision. Moreover, we note that Miller's counsel also failed to address *Baker* as counsel of record in *Moore*. 2013 WL 5925901, at *6. Such actions appear to violate K.S.A. 2014 Supp. 60-211(b)(1) and (2) (counsel shall not present to the court a paper for any improper purpose such as to cause unnecessary delay or which presents contentions not warranted by existing law).

Affirmed.