NOT DESIGNATED FOR PUBLICATION

No. 113,835

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LEVI ULRICHSON,
*Appellant,*

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee.*

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed January 29, 2016.
Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, deputy general counsel, of Legal Services Bureau, Kansas Department of
Revenue, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

*Per Curiam*:  Levi Ulrichson appeals the district court's decision to uphold the
administrative suspension of his driver's license based on the certified DC-27 form
completed at the time of his arrest being admitted into evidence without the certifying
officer being present to testify at trial.

In *State v. Baker*, 269 Kan. 383, 387, 2 P.3d 786 (2000), the Kansas Supreme
Court held:

> "The DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein. See K.S.A. 1999 Supp. 8-1002(b). Thus, the DC-27 form, if properly completed, is a tool which satisfies the foundational requirements for admission of the results of a defendant's blood alcohol test or refusal to take the test. However, its proper completion is not an absolute requirement for such admission."

The Supreme Court went on to state: "The State may seek to establish a foundation for admission through the use of the completed DC-27 form, through competent testimony, or through a combination of the two." 269 Kan. at 388.

Likewise, in *Moore v. Kansas Dept. of Revenue*, No. 107,810, 2013 WL 5925901 (Kan. App. 2013) (unpublished opinion), a panel of this court found the same statutory language as used in K.S.A. 2014 Supp. 8-1002(b) was plain and unambiguous:

> "[K.S.A. 2014 Supp. 8-1002(b)] states the legislature's determination that an officer's DC-27 certification shall be admissible as evidence in all proceedings provided for in the Implied Consent Act relating to alcohol testing for driving under the influence of drugs or alcohol. This would include a trial de novo, like the one under review, requested by a licensee who files a petition for review of the [KDOR]'s order to suspend driving privileges." 2013 WL 5925901, at *5.

In addition, this court recently affirmed various Ellis County District Court decisions upholding driver's license suspensions based on arguments identical to the arguments here in *Werner v. Kansas Dept. of Revenue*, No. 112,447, 2015 WL 8176441 (Kan. App. 2015) (unpublished opinion); *Urban v. Kansas Dept. of Revenue*, No. 113,415, 2015 WL 8192318 (Kan. App. 2015) (unpublished opinion); *Siglinger v. Kansas Dept. of Revenue*, No. 113,417, 2015 WL 8154644 (Kan. App. 2015) (unpublished opinion); *Miller v. Kansas Dept. of Revenue*, No. 112,924, 2015 WL 7434008 (Kan. App. 2015) (unpublished opinion); *Beims v. Kansas Dept. of Revenue*, No. 112,138, 2015 WL 6834323 (Kan. App. 2015) (unpublished opinion); and *Alt v.*

*Kansas Dept. of Revenue*, No. 112,448, 2015 WL 6621620 (Kan. App. 2015) (unpublished opinion).

Finally, we note Ulrichson failed to address or distinguish the *Baker* decision in his brief, despite the fact the record reflects the decision was used by the district court in support of its ruling. Ulrichson's failure to recognize *Baker* as precedent this court is duty bound to follow may constitute a violation of Kansas Rule of Professional Conduct 3.3(a)(2) (2015 Kan. Ct. R. Annot. 601), which states:  "A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." See Rotunda & Dzienkowski, Legal Ethics:  The Lawyer's Deskbook on Professional Responsibility § 3.3-2, p. 806 (2015-2016) ("The lawyer . . . has an affirmative duty to volunteer to the tribunal any legal authority in the controlling jurisdiction that he knows is directly adverse to his client's position.").

Since *Baker* is controlling, and *Moore* and the other unpublished decisions are persuasive, we find the district court properly admitted the DC-27 form.  We find the district court's decision to uphold the administrative suspension of Ulrichson's driver's license is supported by substantial competent evidence.

Affirmed under Rule 7.042(b)(3) (2015 Kan. Ct. R. Annot. 68).

3