NOT DESIGNATED FOR PUBLICATION

No. 113,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHELLE ENGEL,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD E. BOUKER, judge. Opinion filed January 29, 2016.
Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, deputy general counsel, of Legal Services Bureau, Kansas Department of
Revenue, for appellee.

Before MALONE, C.J., PIERRON, J., and WALKER S.J.

*Per Curiam*:  Michelle Engel claims the district court erred when it admitted the
police officer's certification and notice of suspension form (DC-27 form) as evidence in
lieu of testimony from the officer. Following the reasoning adopted in prior cases, we
reject Engel's appeal.

Initially, we have a failure-to-designate-record problem. Engel's counsel, Michael
S. Holland, II entered a "Status of Transcript" with our court on May 19, 2015, indicating
"[t]here is no transcript regarding the above-entitled case." However, in Engel's appellate
brief, Holland transcribed seven pages of what he claims is the hearing where the district

court upheld Engel's suspension by relying on the DC-27 form. See *State v. Bridges*, 297 Kan. 989, 1001, 306 P.3d 244 (2013) (without an adequate record, an appellate court presumes the trial court's action was proper); *State v. Walters*, 284 Kan. 1, 15, 159 P.3d 174 (2007) (litigant claiming district court erred has duty to designate record on appeal that is sufficient to support finding of error). Despite Holland's failure to meet his burden, we are able to glean the necessary procedural facts to dispose of this appeal.

On March 16, 2014, Officer Cody Wolf stopped Engel for driving without her headlights on. On the DC-27 form, Officer Wolf indicated that Engel had an odor of alcoholic beverage, slurred speech, bloodshot eyes, and poor balance. She also admitted to consuming alcohol and failed a preliminary breathe test. Engel was arrested and charged with driving under the influence (DUI). Officer Wolf personally served Engel with a copy of the DC-27. Later, Engel's Intoxilyzer score was .097.

Engel filed a timely request for an administrative hearing and requested that Officer Wolf be subpoenaed for the hearing along with all evidence regarding the matter. Officer Wolf testified at Engel's administrative hearing. After hearing all of the evidence, the hearing officer affirmed the suspension of Engel's driver's license.

Engel then sought review in the district court arguing that Officer Wolf lacked reasonable grounds to request a test and he failed to follow proper field sobriety protocol. At trial, Engel objected to the admission of the DC-27 form into evidence because it was similar to a complaint in a criminal case or a petition in a civil case and it was not intended to be evidence, especially since Officer Wolf was not present at the trial. However, Engel did not offer or proffer any additional evidence to the court. The court denied Engel's objection to the DC-27 form and admitted it into evidence. The court held that based on the evidence contained in the DC-27 form, Officer Wolf had reasonable grounds to request testing. The court affirmed the suspension of Engel's driver's license. Engel appeals.

2

This appeal is limited to a question of law. K.S.A. 2014 Supp. 8-1002(b) provides:

"For purposes of this section, certification shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof shall be admissible in evidence in all proceedings brought pursuant to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein. Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor."

Two prior cases have addressed this issue. In *Moore v. Kansas Dept. of Revenue*, No. 107,810, 2013 WL 5925901, at \*5 (Kan. App. 2013) (unpublished opinion), the court found K.S.A. 2010 Supp. 8-1002(b) was plain and unambiguous. The *Moore* court relied on *State v. Baker*, 269 Kan. 383, 2 P.3d 786 (2000), in finding the DC-27 form is admissible as evidence in a driver's license suspension proceeding.

In discussing *Baker*, the *Moore* court found the past discussion of K.S.A. 8-1002(b) was essential. The *Baker* court stated, in part: "'The DC-27 form promulgated by the Kansas Department of Revenue, if properly completed, is a tool which satisfies the foundational requirements for admission of the results of a defendant's blood alcohol test or refusal to take the test." 269 Kan. 383, Syl. ¶ 1. The *Moore* court found the *Baker* court left no doubt when it stated: "The DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein. See K.S.A. 1999 Supp. 8-1002(b).'" *Moore*, 213 WL 5925901, at \* 6 (quoting *Baker*, 269 Kan. at 387. In the context of a criminal prosecution and the evidence of a defendant's blood-alcohol test, or refusal to take the same, the *Baker* court held: "The State may seek to establish a foundation for admission through the use of a completed DC-27 form, through competent testimony, or through a combination of the two." 269 Kan. 383, Syl. ¶ 2.

In *Moore*, the certifying officer did not testify, but the court still held:

"We find K.S.A. 2010 Supp. 8-1002(b) is plain and unambiguous. It states the legislature's determination that an officer's DC-27 certification shall be admissible as evidence in all proceedings provided for in the Implied Consent Act relating to alcohol testing for driving under the influence of drugs or alcohol. This would include a trial de novo, like the one under review, requested by a licensee who files a petition for review of the [Kansas Department of Revenue]'s order to suspend driving privileges." 2013 WL 5925901 at *5.

The issue of whether reasonable grounds existed to believe that Engel operated a vehicle while under the influence of alcohol is a question of fact. The scope of appellate review, therefore, is whether there is substantial competent evidence to support the findings of the district court. *Sullivan v. Kansas Dept. of Revenue*, 15 Kan. App. 2d 705, 707, 815 P.2d 566 (1991). Engel does not allege that Officer Wolf's completed DC-27 form was defective or deficient in any way. The evidence before both lower tribunals substantially supported the findings that Engel had an odor of alcoholic beverage, slurred speech, bloodshot eyes, and poor balance. Engel also admitted to consuming alcohol, failed a preliminary breathe test, and later failed a blood-alcohol test according to the Intoxilizer. Engel had the burden before the district court to demonstrate the invalidity of the agency decision. K.S.A. 2014 Supp. 8-1020(q) specifically states that at the hearing, "the licensee shall have the burden to show that the decision of the agency should be set aside." See *Huelsman v. Kansas Dept. of Revenue*, 267 Kan. 456, 462-63, 980 P.2d 1022 (1999) (comparing criminal DUI action to administrative license suspension action and pointing out "burden to produce evidence is on the State in the DUI criminal case, whereas the burden is on the licensee in the administrative action and subsequent appeal of that action"). Engel failed to offer or proffer any evidence. Reasonable grounds existed for Officer Wolf to request a test.

Affirmed.