NOT DESIGNATED FOR PUBLICATION

No. 113,782

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DOUGLAS JONES,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Rooks District Court; EDWARD E. BOUKER, judge. Opinion filed February 19, 2016. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, deputy general counsel, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, P.J., GREEN and STANDRIDGE, JJ.

*Per Curiam*:  Douglas Jones appeals the trial court's order upholding the administrative suspension of his driver's license. On appeal, Jones argues that the trial court erred when it admitted into evidence the certified DC-27 form without the certifying officer being present to testify at trial. This issue is controlled by *State v. Baker*, 269 Kan. 383, 2 P.3d 786 (2000), which held that this procedure was permissible. As a result, we conclude that the certified DC-27 form was legally admissible.

On January 19, 2013, Trooper R.C. Henry of the Kansas Highway Patrol stopped Jones for failing to stop at a stop sign. While speaking with Jones, Trooper Henry noticed that Jones smelled of alcohol, had bloodshot eyes, and had alcoholic beverage containers in his vehicle. Jones also admitted that he had been drinking alcohol. After Jones failed multiple sobriety tests, Trooper Henry arrested him for DUI.

Jones timely requested an administrative hearing and also asked that Trooper Henry be subpoenaed for the hearing. Trooper Henry appeared for the administrative hearing, but Jones failed to appear. Following the administrative hearing, the hearing officer affirmed the suspension of Jones' driver's license. Jones then filed a petition for review in the Ellis County District Court claiming that the officer did not have reasonable grounds to believe he was under the influence of alcohol.

According to the journal entry, the Kansas Department of Revenue (KDOR) offered the DC-27 form for admission under K.S.A. 2014 Supp. 8-1002(b), and it was admitted over Jones' objection. There is no transcript of the hearing in the record. Based on the evidence contained in the DC-27 form, the trial court found the trooper had reasonable grounds to believe that Jones was operating his vehicle while under the influence of alcohol and denied his petition for review.

*Did the Trial Court Err in Admitting the DC-27 Form Into Evidence Without Having the Certifying Officer Present to Testify?*

In his sole issue on appeal, Jones maintains that the trial court erred in admitting the DC-27 form into evidence without having the certifying officer present to testify. Specifically, Jones argues that the DC-27 form should only be admissible as a procedural or charging document used to establish jurisdiction and should not be used as testimony regarding a reasonable grounds determination.

2

To decide this issue, we must interpret K.S.A. 2014 Supp. 8-1002(b). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015); *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 955, 335 P.3d 1178 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Neighbor*, 301 Kan. at 918. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). Moreover, when a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 298 Kan. at 738-39.

K.S.A. 2014 Supp. 8-1002(b) states:

"For purposes of this section, certification shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof shall be admissible in evidence in all proceedings brought pursuant to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein. Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor."

In *Baker*, our Supreme Court discussed the admissibility of the DC-27 form as follows:

"[In this case, t]he DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein. See K.S.A. 1999 Supp. 8-1002(b). Thus, the DC-27 form, if properly completed, is a tool which satisfies the foundational requirements for admission of the results of a defendant's blood alcohol test or refusal to

3

take the test. However, its proper completion is not an absolute requirement for such admission." 269 Kan. at 387.

The *Baker* court further explained: "The State may seek to establish a foundation for admission through the use of the completed DC-27 form, through competent testimony, or through a combination of the two." 269 Kan. at 388.

In *Moore v. Kansas Dept. of Revenue*, No. 107,810, 2013 WL 5925901, at *5 (Kan. App. 2013) (unpublished opinion), a panel of this court relied on *Baker* to find that K.S.A. 2010 Supp. 8-1002(b) plainly and unambiguously states that the DC-27 form shall be admissible as evidence. Specifically, the *Moore* court reasoned:

"Essential to our Supreme Court's holding [in *Baker*] was its discussion of the meaning of K.S.A. 8-1002(b). As the Supreme Court stated, in part, in its first syllabus: 'The DC-27 form promulgated by the [KDR], if properly completed, is a tool *which satisfies the foundational requirements for admission* of the results of a defendant's blood alcohol test or refusal to take the test.' (Emphasis added.) 269 Kan. 383, Syl. ¶ 1. Should there be any doubt, the court also stated in its opinion: 'The DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. *Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein . . . .* This interpretation of K.S.A. 8-1002(b) resulted in the Supreme Court's second syllabus which was dispositive in the *Baker* case. It stated in relevant part: 'The State may seeks to establish a foundation for admission through the use of a completed DC-27 form, through competent testimony, or through a combination of the two.' 269 Kan. 383, Syl. ¶ 2.

"Of note, in his briefing, Moore does not mention *Baker* or provide any contrary precedent. He also does not complain that Officer Kirkwood's completed DC-27 certification was defective or deficient in any way. We conclude that *Baker* is dispositive of this issue. The plain meaning of K.S.A. 2010 Supp. 8-1002(b), as interpreted by *Baker*, results in our conclusion that the trial court erred as a matter of law in refusing to admit

4

Officer Kirkwood's DC-27 certification as evidence for purposes of the trial de novo." 2013 WL 5925901, at *6.

Likewise, as in the *Moore* case, Jones fails to cite any authority in support of the issue in this appeal because all of the caselaw is contrary to his claim in this appeal. Furthermore, Jones fails to even cite or distinguish the authority that is contrary to his position and makes no attempt to argue that existing case law should be reversed or modified. By failing to cite any legal authority to support his position, Jones has abandoned the sole issue in this appeal. See *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013).

In any event, the *Moore* court properly concluded as follows:

"We find K.S.A. 2010 Supp. 8-1002(b) is plain and unambiguous. It states the legislature's determination that an officer's DC-27 certification shall be admissible as evidence in all proceedings provided for in the Implied Consent Act relating to alcohol testing for driving under the influence of drugs or alcohol. This would include a trial de novo, like the one under review, requested by a licensee who files a petition for review of the KDR's order to suspend driving privileges." 2013 WL 5925901 at *5.

Recently, multiple panels from this court have addressed this exact issue and each case held that the DC-27 form was admissible under K.S.A. 2014 Supp. 8-1002(b) on its own and without the need for actual testimony. See *Reyes v. Kansas Dept. of Revenue*, No. 113,806, 2016 WL 368164 (Kan. App. 2016) (unpublished opinion); *Ulrichson v. Kansas Dept. of Revenue*, No. 113,835 (2016 WL 368199 (Kan. App. 2016) (unpublished opinion); *Siglinger v. Kansas Dept. of Revenue*, No. 113,417, 2015 WL 8154644 (Kan. App. 2015) (unpublished opinion); *Werner v. Kansas Dept. of Revenue*, No. 112,447, 2015 WL 8176441 (Kan. App. 2015) (unpublished opinion); *Urban v. Kansas Dept. of Revenue*, No. 113,415, 2015 WL 8192318 (Kan. App. 2015) (unpublished opinion); *Miller v. Kansas Dept. of Revenue*, No. 112,924, 2015 WL 7434008 (Kan. App. 2015)

(unpublished opinion); *Beims v. Kansas Dept. of Revenue*, No. 112,138, 2015 WL 6834323 (Kan. App. 2015) (unpublished opinion); *Alt v. Kansas Dept. of Revenue*, No. 112,448, 2015 WL 6621620 (Kan. App. 2015) (unpublished opinion).

This court is duty bound to follow our Supreme Court precedent unless there is an indication that it is departing from the precedent. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). There is no such indication. Based on *Baker* and the other unpublished opinions that are directly on point, we determine that the trial court properly admitted the DC-27 form.

Affirmed.