NOT DESIGNATED FOR PUBLICATION

No. 114,673

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEFFERY PFANNENSTIEL,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed July 1, 2016. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, deputy general counsel, Kansas Department of Revenue, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*: Jeffery Pfannenstiel was stopped by the police for driving erratically. The officer detected the odor of alcoholic beverage and noticed Pfannenstiel's eyes were bloodshot, his speech was slurred, and his balance and coordination were poor. Pfannenstiel admitted consuming alcohol and failed a preliminary breath test and several field sobriety tests. Pfannenstiel was arrested for driving under the influence, and the officer served him with the DC-27 form.

Pfannenstiel requested an administrative hearing. The officer who certified the DC-27 form appeared, but Pfannenstiel did not. Following the administrative hearing, the hearing officer affirmed the suspension of Pfannenstiel's driving privileges.

1

Pfannenstiel sought judicial review, claiming the officer lacked reasonable grounds to request testing under the Kansas Implied Consent Law. Pfannenstiel did not subpoena the arresting officer, so the officer was not present at the district court's evidentiary hearing. Neither was Pfannenstiel. The district court admitted into evidence, over Pfannenstiel's objection the DC-27 form certified by the officer under K.S.A. 2015 Supp. 8-1002(b). The district court affirmed the suspension of Pfannenstiel's driving privileges, and Pfannenstiel appeals.

Pfannenstiel cites in his brief several pages of what he characterizes as a transcript of the proceedings before the district court. None of this is included in the record on appeal, so we disregard it. We confine our consideration to matters contained in the record on appeal. *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014). More importantly, the colloquy cited in Pfannenstiel's brief does not even involve his case. He has cited proceedings from an entirely different case.

As his sole claim of error, Pfannenstiel argues the district court erred in admitting the DC-27 form into evidence without the certifying officer being present to provide foundation testimony and be subject to cross-examination. We have unlimited review over the adequacy of the legal basis for a district court's ruling on the admissibility of evidence. *State v. Bowen*, 299 Kan. 339, 349, 323 P.3d 853 (2014). Further, we have unlimited review over the interpretation of a statute. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

K.S.A. 2015 Supp. 8-1002(b) provides:

> "For purposes of this section, certification shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof *shall be admissible in evidence in all proceedings brought pursuant to this act*, and receipt of any

such certification, copy or reproduction shall accord the department authority to proceed as set forth herein. Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor." (Emphasis added.)

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Neighbor*, 301 Kan. at 918. We discern that intent through the statutory language used by the legislature, giving common words their ordinary meanings. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). When a statute is plain and unambiguous, we do not speculate about legislative intent behind that clear language and refrain from reading something into the statute that is not readily found in its words. 298 Kan. at 738-39.

At the district court level, a licensee is entitled to a trial de novo at which the licensee has the burden to show the KDR's order should be set aside. K.S.A. 2015 Supp. 8-1020(q). Pfannenstiel makes the curious argument that in these civil proceedings the State has the burden of providing the licensee with witnesses to enable the licensee to meet the burden of proof. But the officer who certified the DC-27 form is not required to testify at the administrative hearing, unless his testimony is requested by the licensee. K.S.A. 2015 Supp. 8-1020(g).

Pfannenstiel misplaces reliance on *Kempke v. Dept. of Revenue*, 281 Kan. 770, 133 P.3d 104 (2006). Contrary to Pfannenstiel's assertion, the court in *Kempke* did not find that the certifying officer is required to testify at a licensee's trial de novo. In *Kempke*, the Kansas Supreme Court considered whether a licensee is deprived of due process of law by the evidentiary restrictions imposed at the administrative hearing level. The *Kempke* court held the Kansas Implied Consent Law does not deprive a licensee of due process because, by appealing to the district court, a licensee is assured a full due process hearing before any final action on the licensee's driving privileges. 281 Kan. at

3

799-800. At that hearing the licensee has "the *opportunity* to call relevant witnesses and to cross-examine witnesses." (Emphasis added.) 281 Kan. at 796.

Pfannenstiel had the opportunity to call the certifying officer to testify but chose not to do so. The Kansas Department of Revenue was under no obligation to call witnesses or present evidence for the purpose of satisfying Pfannenstiel's burden of proof before the district court. See K.S.A. 2015 Supp. 8-1020(q); *Huelsman v. Kansas Dept. of Revenue*, 267 Kan. 456, 463, 980 P.2d 1022 (1999) ("[T]he burden is on the licensee in the administrative action and subsequent appeal of that action."); *Henke v. Kansas Dept. of Revenue*, 45 Kan. App. 2d 8, 13, 246 P.3d 408 (2010).

*State v. Baker*, 269 Kan. 383, 387, 2 P.3d 786 (2000), involved the foundational requirements for admission of blood alcohol test results in a criminal trial. In deciding the matter the Kansas Supreme Court stated:  "The DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. *Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein.* See K.S.A. 1999 Supp. 8-1002(b)." (Emphasis added.) *Moore v. Kansas Dept. of Revenue*, No. 107,810, 2013 WL 5925901 (Kan. App. 2013) (unpublished opinion), is one of many unpublished opinions of our court putting to rest the claim Pfannenstiel makes in this appeal. The *Moore* court stated:

> "We find K.S.A. 2010 Supp. 8-1002(b) is plain and unambiguous. It states the legislature's determination that an officer's DC–27 certification shall be admissible as evidence in all proceedings provided for in the Implied Consent Act relating to alcohol testing for driving under the influence of drugs or alcohol. This would include a trial de novo, like the one under review, requested by a licensee who files a petition for review of the KDR's order to suspend driving privileges." 2013 WL 5925901, at *5.

4

We conclude that the district court properly admitted the DC-27 form as evidence to prove the statements contained therein without the certifying officer's testimony. Pfannenstiel could have called the certifying officer to testify but chose not to.

Affirmed.