IN THE COURT OF APPEALS OF THE STATE OF KANSAS

No. 112,705

NICOLA PFEIFER,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

SYLLABUS BY THE COURT

Pursuant to K.S.A. 2015 Supp. 8-1002(b), in all proceedings brought under the Kansas Implied Consent Law, K.S.A. 2015 Supp. 8-1001 *et seq.*, a signed and properly completed Officer's Certification and Notice of Suspension, Form DC-27, or a copy or photostatic reproduction thereof, shall be admissible in evidence to prove the statements contained therein without the necessity for testimony by the certifying law enforcement officer.

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed April 1, 2016. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, deputy general counsel, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

BUSER, J.:  Nicola Pfeifer appeals the district court's judgment affirming the administrative suspension of her driving privileges based on her refusal to submit to a

1

breath or blood test to determine the presence of alcohol or drugs (BAT). Pfeifer contends the district court improperly admitted in evidence the signed and properly completed Officer's Certification and Notice of Suspension (DC-27 form) to prove the certifying officer had reasonable grounds to request the BAT because that officer did not testify at the district court trial.

After carefully considering this matter, we hold that pursuant to K.S.A. 2015 Supp. 8-1002(b), in all proceedings brought under the Kansas Implied Consent Law, K.S.A. 2015 Supp. 8-1001 *et seq.*, a signed and properly completed DC-27 form, or a copy or photostatic reproduction thereof, shall be admissible in evidence to prove the statements contained therein without the necessity for testimony by the certifying law enforcement officer.

Given this holding, we conclude the district court did not err in admitting the DC-27 form as evidence to prove the statements contained therein by the certifying officer that he had complied with the requirements of K.S.A. 2015 Supp. 8-1001(b) and (k) prior to requesting a BAT from Pfeifer which she refused. Accordingly, we affirm the district court's order affirming the administrative suspension of Pfeifer's driving privileges.

FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2013, Officer Brenden Hauptman of the Hays Police Department served a signed and properly completed DC-27 form on Pfeifer. This action initiated suspension proceedings by the Division of Motor Vehicles of the Kansas Department of Revenue (KDR) against Pfeifer's driver's license based on her refusal to submit to a BAT. See K.S.A. 2015 Supp. 8-1002(a)-(f).

The DC-27 form contained several statements certified by Officer Hauptman explaining the basis for his request for testing. In particular, the officer indicated that

2

reasonable grounds existed to believe that Pfeifer had been operating a vehicle while under the influence of alcohol and/or drugs on December 28, 2013, in Ellis County, Kansas. On the DC-27 form, Officer Hauptman stated that he stopped Pfeifer's vehicle for a traffic violation, an improper left turn, and after encountering Pfeifer he noticed that she had bloodshot eyes, poor balance or coordination, and she exhibited an odor of alcoholic beverages and marijuana. In addition, Pfeifer admitted that she consumed "alcohol/drugs." Officer Hauptman stated that Pfeifer failed sobriety tests and a preliminary breath test. After placing Pfeifer under arrest, or otherwise taking her into custody, and providing her with the appropriate oral and written notices required by K.S.A. 2015 Supp. 8-1001(k), Officer Hauptman certified that he requested Pfeifer take a BAT to determine the presence of alcohol or drugs and Pfeifer refused.

On the DC-27 form, below Officer Hauptman's statements, was the following certification: "I hereby certify to the Division of Vehicles that each of the statements I have initialed above are true and accurate, under penalty of K.S.A. [2015 Supp.] 8-1002(b), and amendments thereto." Officer Hauptman's signature appeared below the statement of certification. Of note, K.S.A. 2015 Supp. 8-1002(b) provides: "Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor."

Based upon Officer Hauptman's certified statements contained within the DC-27 form, and after Pfeifer's request for a hearing regarding the suspension of her driving privileges, the KDR conducted an administrative hearing on March 24, 2014. See K.S.A. 2015 Supp. 8-1020. According to the administrative hearing officer's notes, prior to the hearing Pfeifer asked the KDR to subpoena Officer Hauptman and the officer appeared and testified at the hearing.

At the administrative hearing, Pfeifer contested the suspension for several reasons, including that Officer Hauptman lacked reasonable grounds to request a BAT. At the

3

conclusion of the hearing, the hearing officer issued an order affirming the suspension of Pfeifer's driving privileges. In particular, the hearing officer found that Officer Hauptman had reasonable grounds to believe Pfeifer was operating or attempting to operate a vehicle while under the influence of alcohol and/or drugs, she had been placed under arrest or in custody, and she refused to submit to and complete a BAT as requested by the officer.

On April 7, 2014, Pfeifer filed a petition for judicial review in the Ellis County District Court challenging the KDR's suspension of her driving privileges. See K.S.A. 2015 Supp. 8-259; K.S.A. 77-601 *et seq.* In seeking review, Pfeifer, as the licensee, had "the burden to show that the decision of the agency should be set aside." K.S.A. 2015 Supp. 8-1020(q). Relevant to this appeal, in her petition Pfeifer reiterated that Officer Hauptman lacked reasonable grounds to request a BAT.

Prior to the de novo trial in district court, the KDR notified Pfeifer's attorney, in writing, that the agency would not be issuing a subpoena for Officer Hauptman and three other officers scheduled for similar trials on the same date. The KDR's attorney advised Pfeifer's attorney that he would need to issue a subpoena for Officer Hauptman if he desired the officer's attendance at trial. Pfeifer did not issue a subpoena for Officer Hauptman, however, and the officer did not appear at Pfeifer's trial.

Trial was held on August 19, 2014. By agreement of the district court and both counsel, Pfeifer's case was heard with three other driver's license suspension cases whose licensees were also represented by Pfeifer's attorney. This combined trial procedure was employed to facilitate addressing the admissibility of the DC-27 forms, which was the relevant legal issue in all four cases.

At trial, Pfeifer's attorney contended the DC-27 form was not admissible for any purpose other than establishing the district court's jurisdiction. He noted, however, that if

4

the district court found the DC-27 form was admissible as evidence, Pfeiffer and the other licensees "would then stipulate that there would be reasonable grounds" so they could appeal the adverse evidentiary ruling and "save the [district] court the trouble" of having each licensee testify.

In response, the KDR contended that under K.S.A. 2015 Supp. 8-1002(b) the DC-27 form was admissible as evidence in all proceedings brought under the Kansas Implied Consent Law. The KDR's attorney argued that because the licensee has the burden of proof in driver's license suspension proceedings and the issue is whether the officer had reasonable grounds to believe the licensee was operating a vehicle under the influence, a licensee who opts not to subpoena the officer does so at his or her "own peril."

After considering the parties' legal arguments, the district court, relying upon *State v. Baker*, 269 Kan. 383, 2 P.3d 786 (2000) and *Moore v. Kansas Dept. of Revenue*, No. 107,810, 2013 WL 5925901 (Kan. App. 2013) (unpublished opinion), held the DC-27 form was admissible as evidence at trial without testimony from the certifying officer. The district judge explained that in *Baker* our Supreme Court stated the "'DC-27 form contains certifications and is admissible in evidence to prove the statements contained therein.' That's the Supreme Court's words." The district judge also noted the Court of Appeals unpublished opinion in *Moore* "was on this exact same point and followed Baker." The district judge concluded, "So the state of the authority presently is such that the court feels the position adopted by [the] KDR is correct and that the DC-27 form is admissible."

The district court affirmed the KDR's administrative suspension of Pfeifer's driving privileges based on the parties' stipulation that if the court admitted the DC-27 form without testimony by Officer Hauptman, the certified factual statements were sufficient to establish the officer had reasonable grounds to request testing.

Pfeifer filed a timely appeal.

ADMISSIBILITY OF THE DC-27 FORM

On appeal, Pfeifer contends the district court improperly admitted the DC-27 form as evidence at trial to prove that Officer Hauptman had reasonable grounds to believe she was operating a motor vehicle under the influence of alcohol and/or drugs. In particular, Pfeifer claims the DC-27 form is only admissible as "a procedural or charging document" when the certifying officer is not present and available to testify at trial. According to Pfeifer, although the DC-27 form is admissible under K.S.A. 2015 Supp. 8-1002(b), the form is more akin to "a complaint or officer's affidavit in support of a[n] arrest warrant than it is testimonial evidence at a trial de novo." As a result, Pfeifer insists the district court erred when it interpreted K.S.A. 2015 Supp. 8-1002(b) to allow "each and every one of the hearsay statements or allegations made by the officer in the DC-27 form [to] be taken as true during the trial de novo . . . when the certifying officer fail[ed] to appear to testify." Of note, Pfeifer does not allege the DC-27 form certified by Officer Hauptman was not signed, improperly completed, defective, or insufficient in any way.

In response, the KDR cites the plain language of K.S.A. 2015 Supp. 8-1002(b) and the *Baker* and *Moore* cases relied on by the district court as legal authority that the DC-27 form is admissible in evidence without the necessity of testimony by the certifying officer in all proceedings brought under the Kansas Implied Consent Law.

The district court concluded that under the plain language of K.S.A. 2015 Supp. 8-1002(b) the DC-27 form signed and properly completed by Officer Hauptman was admissible in evidence at Pfeifer's trial to prove the statements contained within the form. As a result, the district court found that Officer Hauptman's testimony was not necessary for admission of the DC-27 form or to prove the certified statements at trial.

6

Multiple inquiries are involved when a party challenges the admission or exclusion of evidence on appeal. See *State v. Bowen*, 299 Kan. 339, 348-49, 323 P.3d 853 (2014). A court's consideration of the admissibility of evidence requires the application of statutory rules controlling the admission and exclusion of certain types of evidence, which are applied as a matter of law or as an exercise of the trial court's discretion, depending on the applicable rule. 299 Kan. at 348. When, as in this case, the issue on appeal involves the adequacy of the legal basis for a district court's ruling on the admissibility of evidence, we employ de novo review. 299 Kan. at 349. Similarly, if the question of whether the district court complied with specific statutory requirements for admitting evidence requires interpretation of a statute, our review is unlimited. *Schlaikjer v. Kaplan*, 296 Kan. 456, 463-64, 293 P.3d 155 (2013).

On appeal, Pfeifer and the State focus their arguments on subsection (b) of K.S.A. 2015 Supp. 8-1002. This statutory subsection relates to subsection (a), which provides that the officer's certification "shall be prepared" whenever a BAT is requested and the licensee fails or refuses the test. K.S.A. 2015 Supp. 8-1002(a).

Depending on whether the licensee refuses the test or fails the test, the officer must certify various statements. See K.S.A. 2015 Supp. 8-1002(a)(1), (2), and (3). As in the case on appeal, when there is test refusal, the officer must certify that reasonable grounds existed to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both; the person was arrested or placed in custody; an officer presented oral and written notices as required by K.S.A. 2015 Supp. 8-1001(k); and the person refused to submit to and complete a test as requested by the officer. K.S.A. 2015 Supp. 8-1002(a)(1).

Of particular importance to the issue on appeal, K.S.A. 2015 Supp. 8-1002(b), among other things, authorizes how the officer's certification or DC-27 form may be used

7

in proceedings under the Kansas Implied Consent Law. The statutory subsection provides:

> "For purposes of this section, *certification shall be complete upon signing*, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The *signed certification* or a copy or photostatic reproduction thereof *shall be admissible in evidence in all proceedings brought pursuant to this act*, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein. Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor." K.S.A. 2015 Supp. 8-1002(b).

In reviewing the meaning of this statute we are guided by rules of statutory construction. The most fundamental rule is that the intent of the legislature governs if that intent can be ascertained. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). In attempting to ascertain legislative intent, an appellate court first considers the statutory language enacted, giving common words their ordinary meanings. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014).

The language of K.S.A. 2015 Supp. 8-1002(b) is straightforward. First, the statute provides that certification is complete upon the officer's signing of the document. For clarity, the statute then provides a list of typical acts of attestation which are specifically *not* mandated in order to complete the officer's certification. The importance placed upon the officer's truthful completion of the certification is apparent given the legislature's imposition of criminal penalties for any officer who signs the certification knowing it to contain a false statement. In short, from this plain language of subsection (b) it is clear the legislature intended the officer's certification to be truthful, verified, and effective upon signing.

8

Given this statutory context which reflects the importance of the officer's certification in the scheme of the Kansas Implied Consent Law, we next consider the statutory language in subsection (b) critical to resolving the issue on appeal. That language sets forth the uses to be made of the officer's certification or DC-27 form: "The signed certification or a copy or photostatic reproduction thereof shall be admissible in evidence in all proceedings brought pursuant to this act." K.S.A. 2015 Supp. 8-1002(b). Once again, the language is plain and ordinary: The signed certification shall be admissible in evidence in all proceedings held pursuant to K.S.A. 2015 Supp. 8-1001 *et seq*. Moreover, an appellate court should refrain from reading something into a statute that is not readily found in its words. *In re Tax Appeal of Burch*, 296 Kan. 713, 722, 294 P.3d 1155 (2013). Nowhere in K.S.A. 2015 Supp. 8-1002(b) does the legislature state or intimate that the certifying officer must testify at the proceedings in order to admit the DC-27 form in evidence.

Proceedings under the Kansas Implied Consent Law include administrative hearings, K.S.A. 2015 Supp. 8-1020, and de novo trials conducted in accordance with the Kansas Judicial Review Act. See K.S.A. 2015 Supp. 8-259; K.S.A. 2015 Supp. 8-1020(o), (p); K.S.A. 77-601 *et seq*. In addition to the general language referencing "all proceedings" in K.S.A. 2015 Supp. 8-1002(b), in the case of administrative hearings, the officer's certification is one document specifically allowed in evidence. K.S.A. 2015 Supp. 8-1020(a) and (e)(1). And the certifying officer's attendance at the hearing is not required "unless requested by the licensee." K.S.A. 2015 Supp. 8-1020(g).

Giving the common words in K.S.A. 2015 Supp. 8-1002(b) their ordinary meaning, we are persuaded that the legislature intended an officer's certification or DC-27 form to be admissible in evidence in all administrative hearings and trials de novo under the Kansas Implied Consent Law.

9

In addition to a plain reading of the statute, the district court relied upon *Baker* and *Moore* as support for its interpretation of K.S.A. 2015 Supp. 8-1002(b). Notably, in her appellate brief, Pfeifer does not present argument contrary to either of these cases or the district court's understanding of them. This omission is inexplicable, especially because Pfeifer's counsel represented the licensee in *Moore* and presented arguments in that case similar to those he makes in this appeal. Nevertheless, as the district court observed, *Baker* and *Moore* are instructive because both cases interpreted and applied K.S.A. 8-1002(b).

In *Baker*, the State charged the licensee with driving under the influence of alcohol in violation of K.S.A. 1999 Supp. 8-1567(a)(2). The arresting officer, however, failed to check the box on the DC-27 form certifying that probable cause existed to believe Baker was driving while under the influence. Due to this omission, the district magistrate judge suppressed the results of Baker's BAT, and the district court affirmed the suppression. On appeal, the State contended the arresting officer's failure to properly complete the DC-27 form did not require suppression of Baker's BAT, and our Supreme Court agreed. 269 Kan. at 388.

The Supreme Court explained that the results of a BAT, or a refusal to submit to such a test, are admissible when the State meets the admissibility requirements set forth in K.S.A. 1999 Supp. 8-1001 and 8-1002. 269 Kan. at 388. According to the court: "The State may seek to establish a foundation for admission through the use of the completed DC-27 form, through competent testimony, or through a combination of the two." 269 Kan. at 388. As a result, the Supreme Court held that an officer's failure to check the appropriate box on the DC-27 form does not require suppression of the incriminating evidence. 269 Kan. at 387-88. Instead, such a failure results in "the form itself not being admissible to prove the statements that were not checked" and, thus, the State must "use actual competent testimony to meet the foundation requirements of K.S.A. 1999 Supp. 8-

1002 in order for the blood alcohol test result or refusal to be admissible in evidence." 269 Kan. at 387.

In reaching its decision, our Supreme Court offered the following interpretation of K.S.A. 1999 Supp. 8-1002, which was essential to its holding:

"The deficiency in this case falls under K.S.A. 1999 Supp. 8-1002, the officer's certification. We have recognized these matters are foundational in nature and have an evidentiary quality to them. [Citations omitted.] The DC-27 form contains the certifications required by K.S.A. 1999 Supp. 8-1002. *Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein.* See K.S.A. 1999 Supp. 8-1002(b). *Thus, the DC-27 form, if properly completed, is a tool which satisfies the foundational requirements for admission of the results of a defendant's blood alcohol test or refusal to take the test.* However, its proper completion is not an absolute requirement for such admission." (Emphasis added.) 269 Kan. at 387.

In *Moore*, the Court of Appeals relied on our Supreme Court's interpretation of K.S.A. 1999 Supp. 8-1002(b) in *Baker* to analyze whether the factual statements contained within a DC-27 form are admissible as evidence at trial without the testimony of the certifying officer. See *Moore*, 2013 WL 5925901, at *4-6. In *Moore*, the certifying officer, despite having been served with a subpoena, failed to appear at trial. The district court reversed the administrative order suspending Moore's driving privileges because it found the factual statements contained in the DC-27 form were not admissible without additional foundation to show the officer had reasonable grounds to believe Moore was operating a vehicle while under the influence of alcohol.

The KDR appealed, and our court determined that the "plain meaning" of K.S.A. 2010 Supp. 8-1002(b), as interpreted by *Baker*, expressed "the legislature's determination that an officer's DC-27 certification shall be admissible as evidence in *all* proceedings

11

provided for in the Implied Consent Act relating to alcohol testing for driving under the influence of drugs or alcohol." (Emphasis added.) 2013 WL 5925901, at *5. Because Moore did not complain that the DC-27 form was "defective or deficient in any way," our court held the district court erred, as a matter of law, when it refused to admit the DC-27 form in evidence at Moore's trial. 2013 WL 5925901, at *6. Accordingly, the case was reversed and remanded.

Importantly, numerous panels of our court in unpublished opinions have followed the guidance in *Baker* and *Moore* to resolve the precise legal issue Pfeifer raises in this appeal. See *Siglinger v. Kansas Dept. of Revenue*, No. 113,417, 2015 WL 8154644, at *1-2 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* December 16, 2015; *Urban v. Kansas Dept. of Revenue*, No. 113,415, 2015 WL 8192318, at *1-2 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* December 16, 2015; *Werner v. Kansas Dept. of Revenue*, No. 112,447, 2015 WL 8176441, at *1-2 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* December 16, 2015; *Miller v. Kansas Dept. of Revenue*, No. 112,924, 2015 WL 7434008, at *1-2 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* December 16, 2015; *Beims v. Kansas Dept. of Revenue*, No. 112,138, 2015 WL 6834323, at *1-2 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* December 4, 2015; *Alt v. Kansas Dept. of Revenue*, No. 112,448, 2015 WL 6621620, at *2-4 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* November 25, 2015.

For example, in *Miller* our court held:

"It is clear to us, particularly in light of [*Baker* and *Moore*], that K.S.A. 2014 Supp. 8-1002(b) unambiguously allows for exactly what the district court did in this case: permit the admission of a properly completed DC-27 form without additional foundation having to be laid and allow the statements contained therein to be used to establish that the officer had reasonable grounds to believe that Miller was operating his vehicle while under the influence of alcohol." 2015 WL 7434008, at *2.

Although these unpublished opinions, including *Moore*, are not binding precedent, we find their reasoning persuasive given the plain language of K.S.A. 2015 Supp. 8-1002(b) and our Supreme Court's interpretation of that statutory language in *Baker*.

Accordingly, we hold that pursuant to K.S.A. 2015 Supp. 8-1002(b), in all proceedings brought under the Kansas Implied Consent Law, K.S.A. 2015 Supp. 8-1001 *et seq.*, a signed and properly completed Officers' Certification and Notice of Suspension, Form DC-27, or a copy or photostatic reproduction thereof, shall be admissible in evidence to prove the statements contained therein without the necessity for testimony by the certifying officer.

Applying this holding to the facts of this case, we conclude the district court properly applied K.S.A. 2015 Supp. 8-1002(b) and did not err in admitting the DC-27 form certified by Officer Hauptman as evidence to prove the statements contained therein at trial.

Finally, the district court affirmed the KDR's administrative suspension of Pfeifer's driving privileges based on the parties' stipulation that if the court admitted the DC-27 form without testimony by Officer Hauptman, the certified factual statements were sufficient to establish the officer had reasonable grounds to request testing. Given the district court's proper admission of the DC-27 form and the parties' stipulation, we affirm the district court's order affirming the administrative suspension of Pfeifer's driving privileges.

Affirmed.

13