NOT DESIGNATED FOR PUBLICATION

No. 122,463

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVE GRIDLEY,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed February 26, 2021. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: After Steve Gridley was arrested for driving under the influence of alcohol (DUI), the Kansas Department of Revenue (KDOR) suspended his driving privileges. Upon exhausting his administrative remedies, Gridley petitioned the district court for review of the driver's license suspension order. After a bench trial, the district court affirmed the KDOR's order. Gridley appeals.

FACTUAL AND PROCEDURAL BACKGROUND

Preliminarily, the facts referenced in this section are based in large part from the trial transcript. Apparently due to a courtroom recording malfunction, significant portions of the trial testimony were unable to be transcribed. Because of these gaps in recording the trial testimony, most of Gridley's answers under direct and cross-examination were not transcribed.

On October 31, 2018, about 7 p.m., Gridley's mother struck a deer with her motor vehicle near Pratt. Upon learning of the accident, Gridley dutifully drove to the accident scene to assist his mother. At the scene, Trooper Micha Polson of the Kansas Highway Patrol conversed with Gridley. During the conversation, Trooper Polson asked Gridley if he had consumed alcohol that evening, and Gridley admitted he had consumed "a couple of Crown and waters." The trooper noticed that Gridley's speech was slurred, he was exhibiting poor balance, and his eyes were glazed. Trooper Polson asked Gridley to take a series of field sobriety tests, which he failed. Gridley also failed a preliminary breath test.

Gridley was arrested for DUI and Trooper Polson served him with a document entitled Officer's Certification and Notice of Suspension, Form DC-27 (DC-27), which initiated driver's license suspension proceedings under the Kansas implied consent laws. In the DC-27, Trooper Polson certified that he had reasonable grounds to believe Gridley was operating his vehicle while under the influence of alcohol. The DC-27 memorialized that the trooper's conclusion was based on the following facts:  Gridley smelled of alcohol; his performance on the field sobriety tests indicated to Trooper Polson that he was impaired; Gridley's speech was slurred; he exhibited signs of poor balance; he admitted he had consumed alcohol; he failed a preliminary breath test; and his eyes were glazed. Based on the factual statements contained in the DC-27, the trooper gave notice that the KDOR would suspend Gridley's driver's license.

2

After exhausting his administrative remedies, Gridley petitioned the district court for review of the KDOR's suspension order. At the bench trial, Gridley testified that he had no difficulty communicating with Trooper Polson. He admitted consuming alcohol on the evening of his arrest and testified that his speech "probably" was slurred. Although many relevant questions were asked, Gridley's answers are recorded in the transcript as "inaudible." Other than his testimony, Gridley presented no other evidence. Trooper Polson, the certifying officer who completed the DC-27, was not subpoenaed and did not testify at trial.

Apparently due to the recording malfunction, most of the district court's ruling from the bench is unreadable in the transcript, but in a journal entry the district court stated that it admitted, over Gridley's objection, the DC-27 offered by the KDOR. The district court found that "based on the evidence contained in the DC-27 the officer had reasonable grounds to request [alcohol] testing," which indicated that Gridley was intoxicated. Accordingly, the district court affirmed the KDOR's administrative suspension of Gridley's driving privileges.

Gridley appeals.

WAS THERE SUBSTANTIAL COMPETENT
EVIDENCE TO SUPPORT THE DISTRICT COURT'S JUDGMENT?

On appeal, Gridley contends the district court erred in affirming the suspension of his driver's license because the court's determination that reasonable grounds existed to require Gridley to submit to alcohol testing was not supported by substantial competent evidence. Specifically, he argues

"that, although admissible as evidence, the DC-27 is not self-proving. In other words, although the DC-27 is admissible evidence it does not necessarily establish reasonable grounds on its own at the trial de novo when the licensee presents other evidence to

3

contradict the conclusions in the form itself. Regretfully, the additional difficulty for both appellant, and this Court, is the missing transcript including most of appellant's testimony and the district court's ruling."

An appellate court reviews a district court's decision in a driver's license suspension case to determine "whether substantial competent evidence in the record supported the district court's factual findings and whether the conclusion derived from those findings is legally correct." *Casper v. Kansas Dept. of Revenue*, 309 Kan. 1211, 1213, 442 P.3d 1038 (2019). Whether a law enforcement officer had reasonable grounds to take a particular action is a mixed question of law and fact. We review the district court's ultimate legal conclusion de novo "while deferring to the district court's factual findings." 309 Kan. at 1213-14; see *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 469, 447 P.3d 959 (2019) ("In reviewing a court's findings, an appellate court will not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact."). Gridley bears the burden to show KDOR's decision to suspend his driver's license should be set aside. See K.S.A. 2020 Supp. 8-1020(q); K.S.A. 77-621(a)(1).

Our court has previously considered the essence of Gridley's argument in *Pfeifer v. Kansas Dept. of Revenue*, 52 Kan. App. 2d 591, 370 P.3d 1200 (2016). In *Pfeifer*, our court held that under Kansas law, "a signed and properly completed Officers' Certification and Notice of Suspension, Form DC-27, or a copy or photostatic reproduction thereof, shall be admissible in evidence to prove the statements contained therein without the necessity for testimony by the certifying officer." 52 Kan. App. 2d at 601.

This caselaw is consonant with K.S.A. 2020 Supp. 8-1002(b), which provides:

"For purposes of this section, certification shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof shall be

4

admissible in evidence in all proceedings brought pursuant to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein."

Moreover, our Supreme Court has held that "[o]nce the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein." *State v. Baker*, 269 Kan. 383, 387, 2 P.3d 786 (2000).

On appeal, Gridley concedes the *Pfeifer* caselaw authority, but he argues that a DC-27 has little, if any, evidentiary value under circumstances where the certifying officer does not testify but the licensee appears at trial and testifies contrary to the DC-27. On this appellate record, Gridley has failed to meet his burden of proof.

First, contrary to Gridley's assertion, the DC-27 is fact based and not conclusory. The preprinted form is completed by an officer who certifies his or her personal observations that the licensee was operating a motor vehicle under the influence of alcohol or drugs. Gridley's assertion that officers simply "check the boxes," which renders a DC-27 of less weight as evidence than live testimony, misconstrues how the certifying officer completes the DC-27. In particular, the credibility of the officer's certification of various facts and circumstances is bolstered by the consequence for an officer who falsely fills out a DC-27. Under K.S.A. 2020 Supp. 8-1002(b): "Any person who signs a certification submitted to the division knowing it contains a false statement is guilty of a class B nonperson misdemeanor." See *Pfeifer*, 52 Kan. App. 2d at 597 ("The importance placed upon the officer's truthful completion of the certification is apparent given the legislature's imposition of criminal penalties for any officer who signs the certification knowing it to contain a false statement.").

Second, Gridley's challenge to the evidentiary weight of a DC-27 is inconsistent with the Kansas Legislature's requirement that it is the duty and burden of the licensee "to

show that the decision of the agency should be set aside." K.S.A. 2020 Supp. 8-1020(q). If Gridley possessed evidence controverting Trooper Polson's certified factual statements contained in the DC-27, it was his burden to admit that evidence at trial. Then, it was the district court's responsibility to assess the credibility and weight of the totality of the evidence. See *Creecy*, 310 Kan. at 469.

Based on the incomplete trial transcript, there is no showing that Gridley controverted the trooper's incriminating information recorded in the DC-27. Asking our court to find the DC-27 was not credible simply because the certifying officer did not testify, without Gridley showing that the information was inaccurate, incomplete, or untrue, is essentially asking our court to relieve Gridley of his burden of proof under K.S.A. 2020 Supp. 8-1020(q). Under these facts and circumstances, we are not persuaded by Gridley's argument.

Third, our court has previously found that a DC-27 can be substantial competent evidence for finding reasonable grounds to uphold the administrative suspension of a driver's license after considering the testimony of the licensee without the testimony of the certifying officer. *Ratzlaff v. Kansas Dept. of Revenue*, No. 118,153, 2018 WL 2073506, at *2 (Kan. App. 2018) ("The certified DC-27 form is admissible evidence even without the certifying officer's testimony in court. . . . Ratzlaff's testimony only informs us her footwear was broken at the time of the stop, and she alleges she was avoiding road construction, not driving recklessly. Ratzlaff did not contest the facts shown on the DC-27 form. [Citations omitted.]").

In the present case, Gridley admitted that he told Trooper Polson that he had consumed alcohol that night and that his speech was "probably" slurred. Gridley either did not controvert any of the factual statements in the DC-27, or due to the courtroom recording malfunction, the trial transcript does not reflect his testimony. Regardless, the district court—not this court—is in the best position to assess the credibility of witnesses

and weigh the evidence before the court. See *Creecy*, 310 Kan. at 469. On this insufficient record, we find no error.

We hold there was substantial competent evidence to support the district court's factual findings and the court's judgment upholding the administrative suspension of Gridley's driver's license. See *Pfeifer*, 52 Kan. App. 2d at 600-01.

Affirmed.