NOT DESIGNATED FOR PUBLICATION

No. 122,299

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSE ROBLES,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.


MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed March 5, 2021. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.


Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Jose Robles appeals the suspension of his commercial driver's license. Robles argues that the district court erred when it found the information in the Certification and Notice of Suspension Form, which notified Robles of his suspension, more persuasive than Robles' testimony at trial. But appellate courts do not reweigh conflicting evidence or second-guess credibility assessments. Because the district court's decision was reasonable and supported by the record, we affirm its ruling.


FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2018, Officer Martin Sanchez of the Dodge City Police Department stopped Robles for improper driving and driving with a defective headlight. Officer

1

Sanchez noted that Robles smelled like alcohol, had bloodshot eyes, was slurring his words, and appeared to have poor balance and coordination. And Robles admitted to the officer that he had been drinking alcohol earlier in the day. At Officer Sanchez's request, Robles performed several field sobriety tests, during which he showed signs of intoxication, and then submitted to a preliminary breath test. After Robles failed the preliminary breath test, Officer Sanchez placed Robles under arrest for driving under the influence of alcohol. Following his arrest, Robles submitted to an evidentiary breath test, which showed his blood alcohol concentration was well above the legal limit.

Officer Sanchez memorialized all this information—along with certifications regarding the testing equipment and the breath-test procedures he followed—in a Certification and Notice of Suspension Form, commonly called a DC-27 form. The officer gave a copy of this completed form to Robles, and Robles was notified that his license would be administratively suspended.

After an administrative hearing officer upheld the suspension, Robles filed a petition for judicial review in district court. The case proceeded to trial, but neither party subpoenaed Officer Sanchez to testify. Instead, the evidence presented at trial consisted of the DC-27 form, which documented the officer's observations, and Robles' testimony.

During his testimony, Robles admitted that his headlight was burned out when he was stopped. But he insisted that he was "driving straight" and that he was not intoxicated. He also testified that he thought his performance during the field sobriety tests was "all okay, good." The district court weighed Robles' testimony against the information documented in the DC-27 form—that Robles smelled like alcohol, had bloodshot eyes, was slurring his speech, and showed signs of impairment during the field sobriety tests. Ultimately, the court found that Robles' testimony was not credible. The court concluded Robles had not shown that the officer lacked probable cause to request a breath test and therefore upheld the suspension of Robles' license. Robles appeals.

DISCUSSION

The Kansas Judicial Review Act (KJRA) defines the scope of judicial review of state agency actions. K.S.A. 77-603(a); see *Ryser v. State*, 295 Kan. 452, 458, 284 P.3d 337 (2012). Appeals from administrative suspensions of driver's licenses are generally subject to review under the KJRA, except that a district court conducts a trial de novo to determine whether the suspension was appropriate. K.S.A. 2020 Supp. 8-259(a); see *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516, 213 P.3d 1061 (2009). The party challenging an administrative action on appeal—here, Robles—must show that action was invalid or unwarranted. K.S.A. 77-621(a)(1); see also K.S.A. 2020 Supp. 8-1020(k) ("[T]he licensee has the burden of proof by a preponderance of the evidence to show that the facts set out in the officer's certification are false or insufficient and that the order suspending or suspending and restricting the licensee's driving privileges should be dismissed.").

We review a district court's factual findings regarding a driver's license suspension for substantial competent evidence and its legal conclusions de novo. *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 466, 447 P.3d 959 (2019). In conducting this review, appellate judges—who were not present to hear witnesses' testimony or observe their demeanor—do not reevaluate the witnesses' credibility. Nor do we reweigh conflicting evidence. 310 Kan. at 469.

K.S.A. 2020 Supp. 8-1002(b) provides that a "signed certification or a copy or photostatic reproduction [of a DC-27 form] shall be admissible in evidence in all proceedings brought pursuant to this act." Based on this statute, Kansas courts have repeatedly held that a DC-27 form—and the officer's certified statements written on that form—is admissible during an appeal from the administrative suspension of a driver's license, regardless of whether the certifying officer testifies. *Pfeifer v. Kansas Dept. of*

*Revenue*, 52 Kan. App. 2d 591, 601, 370 P.3d 1200, *rev. denied* 305 Kan. 1252 (2016); see also *Shriver v. Kansas Dept. of Revenue*, No. 120,891, 2020 WL 3481502, at *3 (Kan. App. 2020) (unpublished opinion); *Weippert v. Kansas Dept. of Revenue*, No. 120,343, 2019 WL 6041814, at *5 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. __ (August 31, 2020); *Janda v. Kansas Dept. of Revenue*, No. 118,677, 2018 WL 4263321, at *3 (Kan. App. 2018) (unpublished opinion) (all following *Pfeifer*). Once the DC-27 form is admitted into evidence, it is up to the district court to "determine how much weight to give the statements contained in a DC-27 as compared to the other evidence presented at trial." *Lonnberg v. Kansas Dept. of Revenue*, No. 115,957, 2017 WL 2901180, at *2 (Kan. App. 2017) (unpublished opinion).

In light of these decisions, Robles acknowledges that the DC-27 form here was *admissible* evidence in his trial before the district court. But he argues that without Officer Sanchez's testimony, the court could not meaningfully weigh the evidentiary value of the form against Robles' own testimony. We disagree.

As a preliminary matter, we observe that either party could have subpoenaed Officer Sanchez to testify at trial. But the absence of the officer's testimony does not, as Robles argues, undermine the administrative suspension of his license. See *Pfeifer*, 52 Kan. App. 2d at 601. The DC-27 form—which *was* admitted into evidence—documented the officer's observations that Robles smelled like alcohol, had bloodshot eyes, and slurred his words. Officer Sanchez also certified on that form that Robles had struggled to maintain his balance, had shown other signs of intoxication while performing field sobriety tests, had admitted to drinking earlier in the day, and had failed a preliminary breath test. In upholding Robles' suspension, the district court explained that it found Robles' contrary testimony to be "self-serving"—i.e., that Robles' testimony failed to persuade the court that the officer's request of a breath test was improper.

Unlike in a criminal case, Robles bore the burden at trial to show that the decision to suspend his driver's license should have been set aside. See K.S.A. 2020 Supp. 8-1020(k). This means that Robles had to persuade the district court that the suspension was not warranted. He attempted to do this through his testimony, but the court did not find his account of the events credible. In other words, the court found he had not carried his burden of proof. Accord *Cresto v. Cresto*, 302 Kan. 820, 845, 358 P.3d 831 (2015) (district court's determination that a person did not sustain his or her burden of proof will be upheld unless the court arbitrarily disregarded undisputed evidence or demonstrated bias, passion, or prejudice).

"An appellate court cannot nullify a trial judge's disbelief of evidence nor can it determine the persuasiveness of evidence which the trial judge may have believed." *Highland Lumber Co., Inc. v. Knudson*, 219 Kan. 366, Syl. ¶ 5, 548 P.2d 719 (1976). The district court was not required to believe Robles' testimony, and it apparently did not do so. At the same time, the DC-27 form (and its contents) sufficiently supported the administrative suspension of Robles' commercial driver's license. The district court did not err when it upheld that suspension.

Affirmed.