Gardner, J.:
In this appeal from a summary judgment ruling, Jason Majors challenges the district court’s decision on his negligent infliction of emotional distress claim. The court granted summary judgment in defendants’ favor because the parties agreed that Majors did not suffer a physical injury, as Kansas law clearly requires. We decline Majors’ invitation to overturn the physical injury rule, choosing to abide by the doctrine of stare decisis.
Plaintiff s petition alleged that Gary T. Hillebrand, an employee of the State of Kansas Department of Transportation acting within the scope of his employment, negligently caused an automobile collision with the car Majors was driving. Hillebrand was later dismissed as a defendant to this action. The remaining defendants, *626 collectively referred to as KDOT, denied liability for Majors’ alleged injuries and moved for summary judgment.
The parties do not take issue with the uncontroverted facts found by the district court. On June 23, 2011, a collision occurred between the car Majors was driving and the 72,500-pound truck Hil-lebrand was driving. Majors’ 6-year-old daughter, Hailey, was in his car’s back seat on the passenger side. Just before the collision, Majors saw tire snow bar attachment on Hillebrand’s truck coming toward his car, then saw it bréale through his windshield and the windows on his car’s passenger side. Majors’ car sustained major damage on the passenger side as a result. Immediately after the collision, Majors saw his daughter, who had suffered extensive head injuries. He believed she was dead because her scalp was pushed back, she was bleeding, and she was not breathing. After Majors pulled her from the car she began to respond.
After the collision, Majors experienced anxiety, fear, and nightmares. Majors alleged that he suffered damages as a result of the trauma of seeing his daughter after the collision and thinking she was dead, including anxiety, post-traumatic stress disorder (PTSD), sleeping disorder, and hypertension, which preclude him from working. But Majors admits the following: (1) he did not have any injuries from the collision that required him to go to the emergency room or hospital; (2) he was not bleeding from the collision; (3) he was not physically injured in the collision; (4) he did not receive any medical treatment for injuries sustained in the collision until he sought counseling 1 year later; and (5) he did not have any visible signs of injuiy to any parts of his body immediately after the collision.
Majors began having nightmares the night after the collision occurred. His other symptoms arose several months later but he did not seek treatment for them until 1 year after tire collision. It is undisputed that Majors was not physically injured during the collision, and Majors did not present any evidence tending to show that he was physically injured as a result of his emotional distress in the aftermath of the collision once he became symptomatic several months later.
*627 A behavioral health counselor diagnosed Majors with PTSD. He opined that the PTSD had been caused by the collision and that it would take Majors 3 to 5 years of treatment until he could work again. Majors also saw Dr. George Athey, Jr., a psychologist who evaluated Majors over the course of a day-and-a-half. Among other matters, he found: (1) Majors suffers from PTSD that is specifically in response to the car accident and seeing Hailey injured; (2) Majors is not falsifying or exaggerating the difficulty of his experience; (3) Majors is not unmotivated or lacking the capacity to benefit from treatment, which is expected to take 3 to 5 years; and (4) Majors’ functional limitations are a direct result of his PTSD.
The district court found: (1) Majors did not suffer any physical injury; (2) Majors suffers from PTSD but neither PTSD nor its symptoms constitutes a physical injury under Kansas caselaw; (3) Kansas precedent requires the plaintiff to show that he or she suffered from a qualifying physical injury before he can succeed on a claim of negligent infliction of emotional distress; and (4) no exceptions to the physical injury rule applied. Majors timely appealed.
Majors argues that the district court erred by using the physical injury rule to bar his claim for negligent infliction of emotional distress. He asks this court to abolish the physical injury rule in favor of an unspecified broader rule which would find mental injuries such as PTSD sufficient.
When, as here, there is no factual dispute, the court’s review of an order regarding summary judgment is de novo. Martin v. Naik, 297 Kan. 241, 246, 300 P.3d 625 (2013). On appeal, we apply the same summary judgment rules as does the district court and “when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.” Stanley Bank v. Parish, 298 Kan. 755, Syl. ¶ 1, 317 P.3d 750 (2014).
In Kansas, the elements of a claim for negligent infliction of emotional distress include a qualifying physical injury.
“To succeed on a claim for negligent infliction of emotional distress, a plaintiff must first establish that he or she has a qualifying physical injury under Kansas law. Anderson v. Scheffler, 242 Kan. 857, 860, 752 P.2d 667 (1988); see also Grube v. Union Pacific R.R. Co., 256 Kan. 519, 522, 886 P.2d 845 (1994) (plaintiff must *628 demonstrate a physical injury or a physical impact, which causes an actual injury, in order to recover for negligent infliction of emotional distress). Second, Hoard establishes that the qualifying physical injury must (1) directly result from the emotional distress allegedly caused by the defendant’s negligence and (2) appear within a short span of time after the emotional disturbance. 233 Kan. at 279. Hence, [the plaintiff] must satisfy each of the requirements previously cited to succeed on his claim.” Ware v. ANW Special Educational Co-op. No. 603,39 Kan. App. 2d 397, 401, 180 P.3d 610 (2008).
Kansas has long held that a plaintiff cannot recover for emotional distress caused by the defendant’s negligence unless that emotional distress is accompanied by or results in physical injury to the plaintiff. Hoard v. Shawnee Mission Medical Center, 233 Kan. 267, 274, 662 P.2d 1214 (1983); see Grube v. Union Pacific R.R. Co., 256 Kan. 519, 522, 886 P.2d 845 (1994). The qualifying physical injury “must directly result from the emotional distress allegedly caused by the defendant’s negligence and must appear within a short span of time after the emotional disturbance.” Hoard, 233 Kan. at 279.
This physical injury rule is inapplicable where the injurious conduct is willful or wanton, or the defendant acts with intent to injure. Hoard, 233 Kan. at 274. Kansas courts also make an exception where a close relative suffers emotional harm from the negligent mishandling of a corpse. Hoard, 233 Kan. at 274. But no exception arguably applies in this case.
“Kansas has consistently held that generalized physical symptoms of emotional distress, such as those associated with PTSD . . . are insufficient to state a cause of action for a negligent infliction of emotional distress claim. See Anderson, 242 Kan. at 860.” Ware v. ANW Special Educational Co-op. No. 603, 39 Kan. App. 2d 397, 407, 180 P.3d 610 (2008). And our court has recently held that the type of symptoms Majors experienced do not constitute physical injuries for purposes of a negligent infliction of emotional distress (NIED) claim:
“When determining if injuries may be classified as physical injuries under a NIED cause of action, Kansas courts have addressed various types of symptoms. See, e.g., Anderson, 242 Kan. at 860 (shock, emotional pain, feelings of guilt, nightmares, and depression due to witnessing accident are not compensable physical injuries when there is no actual physical injuiy); Hopkins v. State, 237 Kan. 601, 612-13, 702 P.2d 311 (1985) (weight gain is not a compensable physical *629 injury); Reynolds v. Highland Manor, Inc., 24 Kan. App. 2d 859, 861-62, 954 P.2d 11 (1998) (plaintiff failed to meet physical injury requirement when she suffered headaches, diarrhea, nausea, crying, shaking, sexual problems, and feelings of stress, all caused by anxiety); Dill v. Barnett Funeral Home, Inc., No. 90,653,2004 WL 292124, at *8 (Kan. App. 2004) (unpublished opinion), rev. denied 278 Kan. 844 (2004) (lack of sleep, recurring dreams, and general fatigue not a compensable physical injury).” Williams v. Taco Tico, Inc., No. 106,088, 2012 WL 2045369, at “6 (Kan. App. 2012) (unpublished opinion) (finding “PTSD, depression, anxiety, insomnia, and nightmares do not qualify as physical injuries”), rev. denied 296 Kan. 1136 (2013).
By his own admission, Majors suffered no emotional distress accompanied by or resulting in his physical injury. Majors’ emotional distress manifested several months after the collision, with the exception of his nightmares which began the night after the collision. Under existing Kansas caselaw, Majors’ symptoms of anxiety, sleeping disorder, hypertension, and those symptoms which led to Iris PTSD diagnosis are too remote and speculative for recovery as they did not appear within a short span of time after the emotional disturbance. See Hoard, 233 Kan. at 279. Additionally, even if all of those symptoms had manifested closer in time to the accident, these were not accompanied by and did not result in physical injury to Majors. See Lovitt v. Board of Shaumee County Comm'rs, 43 Kan. App. 2d 4, 13-15, 221 P.3d 107 (2009) (holding driver could not prevail on negligent infliction of emotional distress claim absent physical injury); Ware, 39 Kan. App. 2d at 407 (refuting arguments similar to those made by Majors; finding generalized physical symptoms of emotional distress such as tiróse associated with PTSD insufficient to, state a cause of action for negligent infliction of emotional distress). Thus, no genuine issue of material fact precluded summary judgment on plaintiff s claim of negligent infliction of emotional distress.
Majors argues that times have changed and that Kansas is now in the “very small minority” of states that continue to apply the physical injury rule, citing Squeo v. Norwalk Hospital Ass’n, 316 Conn. 558, 565, 113 A.3d 932 (2015) (noting the physical injury rule has been “abandoned in nearly every jurisdiction as both over and under inclusive”). But we have no authority to overrule established precedent of the Kansas Supreme Court absent some indi *630 cation that it is departing from its previous position. See Johnson v. Westhoff Sand Co., 281 Kan. 930, 952, 135 P.3d 1127 (2006); State v. Rucker, 49 Kan. App. 2d 414, 419, 310 P.3d 422 (2013) (“overruling a Kansas Supreme Court case is something that we obviously cannot do”); State v. Ottinger, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011) (“This court, however, is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position.”). Majors cites no case indicating that the Kansas Supreme Court is tending to depart from the physical injury rule, and we find none.
The Kansas Supreme Court has explained the basis for and the importance of the doctrine of stare decisis:
“ ‘It is recognized under the doctrine of stare decisis that, once a point of law has been established by a court, that point of law will generally be followed by the same court and all courts of lower rank in subsequent cases where the same legal issue is raised. Stare decisis operates to promote system-wide stability and continuity by ensuring the survival of decisions that have been previously approved by a court. . . . The application of stare decisis ensures stability and continuity— demonstrating a continuing legitimacy of judicial review. Judicial adherence to constitutional precedent ensures that all branches of government, including the judicial branch, are bound by law.’ ” Crist v. Hunan Palace, Inc., 277 Kan. 706, 715, 89 P.3d 573 (2004) (quoting) Samsel v. Wheeler Transport Services, Inc., 246 Kan. 336, 356, 789 P.2d 541 [1990], overruled on other grounds Bair v. Peck, 248 Kan. 824, 844, 811 P.2d 1176 [1991]).
Majors’ claim is not cognizable under existing Kansas law. Any change to the physical injury rule must be considered and decided, if at all, by the Kansas Supreme Court as the court of last resort.
Affirmed.
[[Image here]]