No. 112,243

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYLER FISCHER,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

SYLLABUS BY THE COURT

1.

      The term "reasonable grounds" is equated to probable cause. The terms are often used interchangeably.

2.

      Probable cause exists where the facts and circumstances within the officer's knowledge, and of which he or she has reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed. It is determined by evaluating the totality of the circumstances.

3.

      Probable cause does not require an officer have evidence of every element of the crime.

4.

      On a continuum of proof, probable cause is a higher standard than reasonable suspicion—which requires a showing less than a preponderance of the evidence.

1

5.

The application of the exclusionary rule for the violation of a person's rights under the Fourth Amendment of the United States Constitution does not apply to civil administrative driver's license actions.

6.

Violation of K.S.A. 2016 Supp. 8-1567a results only in civil administrative driver's license sanctions. The statute imposes no criminal penalties.

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed December 29, 2017. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*John D. Shultz*, deputy general counsel, Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and POWELL, JJ.

ARNOLD-BURGER, C.J.:  Tyler Fischer, who was under the age of 21 when tested, appeals the suspension of his driver's license for operating a vehicle at a time when his breath alcohol content was over .02. He presents two arguments on appeal.

First, he contends that K.S.A. 2016 Supp. 8-1012 is unconstitutional because it allows a driver to be subjected to a search by way of a preliminary breath test (PBT) when an officer merely has reasonable suspicion—as opposed to probable cause—to believe a driver is under the influence of alcohol. He further asserts that because there was an insufficient basis to request the PBT and there was not enough evidence to arrest him without it, his driver's license suspension should be vacated. We find we do not need to reach Fischer's constitutional claim because the district court had sufficient evidence

2

based on the totality of the circumstances to find that the officer had reasonable grounds to request that Fischer submit to a PBT in this case.

Next, Fischer argues that his consent to the PBT was unconstitutionally coerced because he cannot legally be coerced into consenting to a PBT based on the threat of criminal penalties for exercising his right to withdraw his consent. This claim also fails because even if we were to assume that Fischer's constitutional rights were violated, the error was harmless in light of long-standing Kansas Supreme Court precedent that the application of the exclusionary rule for the violation of a person's rights under the Fourth Amendment of the United States Constitution does not apply to administrative driver's license actions.

Accordingly, the decision of the district court affirming the suspension of Fischer's driving privileges is affirmed.

FACTUAL AND PROCEDURAL HISTORY

In July 2013, Officer Dan Koerner with the Hays Police Department responded to a call of a reckless driver. The reporting party indicated that a Mustang was driving too fast up and down a residential street. When Koerner arrived at the scene he met with the reporting party who pointed to where the suspected reckless driver was parked. Koerner determined that the driver of the vehicle that was suspected of reckless driving was Tyler Fischer. Koerner made contact with Fischer at around 12:12 a.m. and could smell alcohol coming from him. Koerner also noted that Fischer had bloodshot eyes. Koerner was concerned about Fischer driving because Fischer was under the age of 21. At some point Fischer indicated that he had consumed alcohol but had not had any alcohol after he left his vehicle.

3

Fischer performed the walk-and-turn and one-legged stand field sobriety tests which indicated possible impairment. Koerner testified that he probably would not have gone through the field sobriety tests if Fischer had been over the age of 21. But Koerner did indicate that even had Fischer been over 21 he would have asked him to take a PBT. Although Fischer told Koerner that he would not pass the PBT, he agreed to take it after Koerner read him the three required advisories. The result indicated a breath alcohol content over .02.

A driver's license suspension hearing was held and, in addition to the above facts, evidence was presented at the hearing that indicated that Fischer had a blood alcohol level of .147 as measured by the Intoxilyzer 8000. The administrative law judge found that Koerner had reasonable grounds to request Fischer to take the PBT. Fischer petitioned the district court for review. He argued that the officer lacked reasonable grounds to request testing because the officer did not follow the appropriate federal standards for field sobriety testing, the PBT constituted an illegal search, and the totality of the facts were insufficient to support a request for testing.

During the hearing before the district court, there was no dispute regarding the facts presented or that the test results were over .02, although the actual reading was not admitted in district court. But Fischer asked the court to find that without the PBT results Koerner would not have reasonable grounds for further testing. The court considered the evidence presented. After noting Fischer's performance on the field sobriety tests, the odor of alcohol, the bloodshot eyes, his admission to drinking, and the reason the officer was called to the scene, the district judge found that the officer had reasonable grounds to request the PBT. Accordingly, the district court found that Fischer had not met his burden of proof in the administrative hearing and affirmed the suspension of Fischer's driver's license.

On appeal Fischer argues that K.S.A. 2016 Supp. 8-1012 is unconstitutional because the statute: (1) only requires reasonable suspicion to subject a driver to a search and (2) coerces a driver's consent because it subjects a driver to criminal prosecution for refusing the PBT.

ANALYSIS

"Although generally an appellate court applies a substantial competent evidence standard of review when examining a district court's ruling in a driver's license suspension, . . . case the issues before us here . . . raise pure questions of law subject to unlimited review. [Citation omitted.]" *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 629, 176 P.3d 938 (2008), *overruled on other grounds by City of Atwood v. Pianalto*, 301 Kan. 1008, 350 P.3d 1048 (2015). But before we begin that review, it is necessary to provide some statutory context for Fischer's arguments on appeal.

In Kansas, it is unlawful for a person under the age of 21 to operate a vehicle with a breath or blood alcohol content of .02 or greater. K.S.A. 2016 Supp. 8-1567a (a). Whenever a test is requested of someone under the age of 21, the officer must certify that there were *reasonable grounds* to believe that the person was under the age of 21 and was operating a vehicle while having alcohol in his or her system. K.S.A. 2016 Supp. 8-1567a(d)(1)(A). Violation of the statute results only in civil administrative driver's license sanctions. It imposes no criminal penalties. *State v. Schuster*, 273 Kan. 989, 995, 46 P.3d 1140 (2002). The term "reasonable grounds" is equated to probable cause. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). The terms are often used interchangeably. Probable cause exists where the facts and circumstances within the officer's knowledge, and of which he or she has reasonably trustworthy information, "'[are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that' an offense has been or is being committed." *Draper v. United States*, 358 U.S. 307, 313, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959) (quoted in *Sloop v. Kansas Dept. of Revenue*,

5

296 Kan. 13, 21, 290 P.3d 555 [2012]). It is determined by evaluating the totality of the circumstances. *State v. Hill*, 281 Kan. 136, 146, 130 P.3d 1 (2006). Probable cause does not require an officer have evidence of every element of the crime. *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, Syl. ¶ 1, 242 P.3d 1179 (2010).

Additionally, any person who operates a vehicle in Kansas is deemed to have given consent for a preliminary screening test, e.g., PBT. K.S.A. 2016 Supp. 8-1012(a). An officer may request a PBT "if the officer has *reasonable suspicion* to believe the person has been operating" a vehicle while under the influence of alcohol. (Emphasis added.) K.S.A. 2016 Supp. 8-1012(b). On a continuum of proof, probable cause is a higher standard than reasonable suspicion—which requires a showing less than a preponderance of the evidence. *City of Wichita v. Molitor*, 301 Kan. 251, 257-58, 341 P.3d 1275 (2015); *State v. Pollman*, 286 Kan. 881, 890, 190 P.3d 234 (2008).

With that statutory framework in mind, we proceed to the issues raised by Fischer.

*Because the evidence was sufficient to establish probable cause that Fischer was operating a vehicle with a breath alcohol content in excess of .02, we need not reach his constitutional argument.*

The Kansas Supreme Court has held that the use of a PBT which samples deep lung air constitutes a search. *State v. Jones*, 279 Kan. 71, 76, 106 P.3d 1 (2005). Because a warrantless search, at a minimum, requires probable cause, Fischer argues that to the extent that K.S.A. 2016 Supp. 8-1012(a) only requires a reasonable suspicion before a PBT is requested, it is unconstitutional on its face. He contends that if there was no basis to request a PBT, there was no basis to arrest Fischer for violating K.S.A. 2016 Supp. 8-1567a and by extension no basis to suspend his driver's license. See *Sloop*, 296 Kan. at 14 (if there is no probable cause to support the arrest, there is no probable cause to support the request for a breath test and therefore no basis for suspension of driving privileges).

The Kansas Supreme Court has addressed this argument in a situation that is virtually identical to the current case. See *Smith*, 291 Kan. at 513-19. In *Smith*, the Kansas Supreme Court recapped the factors available to the officer, stating the factors were:

"(1) smelling alcohol upon his initial contact with Smith; (2) observing Smith had bloodshot and watery eyes; (3) Smith's admission to having a few drinks that evening; (4) Smith's admission that his last drink was approximately 30 minutes before his contact with the trooper; (5) the smell of alcohol wafting from Smith's truck; (6) viewing an open container in Smith's truck; (7) Smith's difficulty with a prefield sobriety test; (8) Smith presenting two clues on the walk-and-turn field sobriety test; and (9) Smith presenting one clue on the one-leg stand field sobriety test." 291 Kan. at 518-19.

The court determined that those facts were strong enough to meet a probable cause standard, even though the statute only required an officer's reasonable suspicion to administer the PBT. So the court concluded that because "[a]ppellate courts generally avoid making unnecessary constitutional decisions," when there are alternative grounds for relief "an appellate court need not reach constitutional challenges to statutes." 291 Kan. 510, Syl. ¶ 5. Because there was clearly probable cause to request the PBT, the court did not consider Smith's constitutional argument that the PBT statute was unconstitutional on its face because it only required reasonable suspicion. 291 Kan. at 519.

In this case, the facts available to the officer were even stronger than those in *Smith*. The facts available to Koerner were: (1) reports of reckless driving through a residential neighborhood; (2) the time of night—midnight; (3) an odor of alcohol coming from Fischer; (4) Fischer's bloodshot eyes; (5) Fischer's admission that he had consumed alcohol but had not had any after leaving his vehicle; (6) Fischer's admission that he would not pass the PBT test; and (7) Fischer's several clues of impairment on field sobriety tests. Additionally, Koerner was aware that Fischer was under the age of 21.

These facts are sufficiently strong to establish probable cause to request a PBT from Fischer. They certainly are sufficient to warrant an officer "'of reasonable caution in the belief that' an offense has been or is being committed." *Draper*, 358 U.S. at 313.

Moreover, the district judge found from the bench that there were reasonable grounds for the officer to request the test. And the journal entry of judgment similarly used the term reasonable grounds, not reasonable suspicion, in affirming Fischer's suspension. It was approved, apparently without objection, by counsel for both sides. Therefore, following the Kansas Supreme Court's lead, this court need not reach Fischer's constitutional argument regarding the reasonable suspicion standard in K.S.A. 2016 Supp. 8-1012.

*Even if we assume that K.S.A. 2016 Supp. 8-1012 is unconstitutional, the exclusionary rule does not apply to civil administrative driver's license suspension actions, so any constitutional violation is harmless.*

Fischer argues that his constitutional rights under the Fourth Amendment were violated because he could be criminally prosecuted for withdrawing his consent under K.S.A. 2016 Supp. 8-1012. He contends this makes any consent to take the PBT involuntary for the same reasons the Supreme Court outlined in relation to refusal to submit to an evidentiary breath test in *State v. Nece*, 303 Kan. 888, 897, 367 P.3d 1260 (2016), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017). Again, this court need not address Fischer's constitutional argument because even if the court assumes that Fischer's constitutional rights were violated, the error was harmless. See *State v. Bolze-Sann*, 302 Kan. 198, 216-19, 352 P.3d 5118 (2015) (assuming constitutional violation and applying constitutional harmless error standard).

To find an error harmless, a Kansas court must be able to declare the error "did not affect a party's substantial rights, meaning it will not or did not affect the trial's outcome."

8

*State v. Ward*, 292 Kan. 541, 565, 256 P.3d 801 (2011).The party benefiting from the error always bears the burden of proving it harmless under this standard. See *State v. Logsdon*, 304 Kan. 3, 39, 371 P.3d 836 (2016). When an error infringes upon a party's federal constitutional right, as alleged here, a court will declare the error harmless only where the party benefiting from the error persuades the court "beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, proves there is no reasonable possibility that the error affected the verdict." *Ward*, 292 Kan. at 569.

In this case the State argues that the error is harmless because even if Fischer's constitutional rights were violated the exclusionary rule is not available as a remedy in a civil administrative driver's license hearing. The State is correct.

We have previously noted that violation of K.S.A. 2016 Supp. 8-1567a (under 21 and operating a vehicle with a breath alcohol concentration of .02 or more) results only in civil administrative driver's license sanctions. The statute imposes no criminal penalties.

The Kansas Supreme Court has addressed whether the exclusionary rule is an appropriate remedy in civil administrative driver's license suspension cases. *Martin*, 285 Kan. at 640-46. The court noted that the exclusionary rule is a "judicially created remedy, designed to deter the government from engaging in unconstitutional conduct." 285 Kan. at 640. The rule is applicable "'only where its deterrence benefits outweigh its "substantial social costs."'" 285 Kan. at 640 (quoting *Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 363, 118 S. Ct. 2014, 141 L. Ed. 2d 344 [1998]). After weighing the deterrence benefits and social costs, the Kansas Supreme Court found that the exclusionary rule did not apply to administrative license regulation, stating:

> "The deterrent effect of the rule is already accomplished in the criminal arena. Any
> additional deterrent effect on law enforcement violation of the Fourth Amendment and

§ 15 to be gleaned from extension of the rule beyond the criminal DUI setting would be minimal, and it cannot outweigh the remedial imperative of preventing alcohol- and/or drug-impaired drivers from injury or killing themselves or others." *Martin*, 285 Kan. at 646.

Fischer cites to *Sloop* to argue that the exclusionary rule should apply to this case. However, *Sloop* does not support Fischer's argument. In *Sloop*, the court found that, under the facts of the case, the officer did not have probable cause to arrest Sloop. 296 Kan. at 23. Therefore the arrest was unlawful. Because the arrest was unlawful, the officer could not request that Sloop supply an air sample to a breathalyzer. 296 Kan. at 23. Sloop's driver's license was suspended only because Sloop refused to provide a breath sample for the breathalyzer. Because there was no authority to request Sloop provide a breath sample, his driver's license suspension was unlawful. 296 Kan. at 23. *Sloop* merely holds that the officer did not have the authority to request Sloop provide a breath sample and therefore Sloop could not be penalized for refusing to do so. See 296 Kan. at 23-24.

The situation in this case is entirely different from *Sloop*. In this case, we have already found that Koerner had probable cause to request that Fischer submit to a PBT. The current case clearly falls within the precedent of *Martin*, which this court is duty bound to follow absent some indication that the Kansas Supreme Court is departing from its previous position. See *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015).

The decision of the district court is affirmed.