NOT DESIGNATED FOR PUBLICATION

No. 118,153

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TRACI RATZLAFF,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed May 4, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Adam D. King*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before MCANANY, P.J., LEBEN and SCHROEDER JJ.

PER CURIAM: Traci Ratzlaff appeals the administrative suspension of her driver's license, objecting to the use of the officer's certification and notice of suspension form (DC-27) as evidence to support the suspension when the officer who prepared the form did not testify. We find no error in the form's admission, and we affirm.

The Kansas Department of Revenue (KDOR) suspended Ratzlaff's driving privileges as a result of an administrative hearing. Ratzlaff appealed the decision to the Reno County District Court.

1

At the evidentiary hearing, Ratzlaff was the only person to testify. She acknowledged she was pulled over for reckless driving. Ratzlaff explained she was driving around exposed manhole covers in a construction zone. Ratzlaff further testified she had a broken flip-flop yet she was still required to conduct field sobriety tests, including the walk-and-turn and one-leg-stand tests. Ratzlaff also testified she did not know what clues the officer was looking for in this testing.

KDOR entered the DC-27 form into the record. According to the DC-27, the certifying officer stopped Ratzlaff because an off-duty officer reported Ratzlaff driving recklessly. The DC-27 form indicated the certifying officer saw Ratzlaff operating a vehicle. It also indicated he observed Ratzlaff with bloodshot eyes, slurred speech, poor balance or coordination, and an odor of alcohol. Finally, the DC-27 form noted Ratzlaff admitted to consuming alcohol or drugs, failed her field sobriety tests, and failed her preliminary breath test (PBT) with a blood alcohol level over the legal limit.

Ratzlaff did not contest the contents of the DC-27. She argued the DC-27, without any additional evidence, was insufficient to find reasonable grounds to uphold the administrative suspension of her driving privileges. Ratzlaff argued without the officer at the hearing to testify, there was no foundation for the PBT, the failed field sobriety tests, the bloodshot eyes, or any other contentions. Although not done here, Ratzlaff had the right to subpoena the officer and then examine him over the contents of the DC-27 form. Ratzlaff reasoned the DC-27 is similar to a complaint in a criminal case. The district court upheld the administrative decision finding the DC-27 is admissible in court without the presence of the officer and reasonable grounds existed for the officer's actions.

Ratzlaff argues the district court lacked substantial competent evidence because the PBT was unlawfully obtained; therefore, the results should be excluded, and Ratzlaff's live testimony contradicted the certified DC-27 form. "Generally, when police officers obtain evidence in violation of a person's Fourth Amendment rights, the evidence

may not be used at trial—this is known as the exclusionary rule. [Citation omitted.]" *State v. Quinn*, No. 117,286, 2018 WL 1440586, at *4 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* April 19, 2018. However, the exclusionary rule does not apply to administrative proceedings to suspend driving privileges. *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, Syl. ¶ 8, 176 P.3d 938, 941 (2008), *overruled on other grounds by City of Atwood v. Pianalto*, 301 Kan. 1008, 350 P.3d 1048 (2015); *Fischer v. Kansas Dept. of Revenue*, 55 Kan. App. 2d 225, Syl. ¶ 9, 410 P.3d 933 (2017), *petition for rev. filed* January 19, 2018; *Brumitt v. Kansas Dept. of Revenue*, No. 113,416, 2017 WL 6395804, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* January 10, 2018.

The exclusionary rule is a judicially crafted remedy and its purpose is to "deter the government from engaging in unconstitutional conduct. [Citations omitted.]" *Martin*, 285 Kan. at 640. As such, the exclusionary rule is applied only when "its deterrence benefits outweigh its 'substantial social costs.'" *Martin*, 285 Kan. at 640 (quoting *Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 363, 118 S. Ct. 2014, 141 L. Ed. 2d 344 [1998]). In administrative proceedings to suspend driving privileges, the remedy of preventing impaired drivers from killing or injuring themselves or others outweighs any deterrent effect of excluding evidence in the civil suspension proceeding. *Martin*, 285 Kan. at 646. The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015), *rev. denied* 303 Kan. 1078 (2016). Thus, the exclusionary rule does not apply in this case.

Even if the exclusionary rule applied, Ratzlaff was not entitled to relief. The Kansas Judicial Review Act (KJRA) defines the scope of judicial review of state agency actions unless the agency is specifically exempted from application of the statute. K.S.A. 2017 Supp. 77-603(a); *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 458, 284 P.3d 337 (2012). Appellate courts exercise the same statutorily limited review of the agency's

action as does the district court, as though the appeal had been made directly to the appellate court. *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 567, 232 P.3d 856 (2010). On appeal, the burden of proving the invalidity of the agency action rests on the party asserting such invalidity. K.S.A. 2017 Supp. 77-621(a)(1). Appeals from the administrative suspension of driver's licenses are subject to review under the KJRA except that appeals to the district court are de novo. K.S.A. 2017 Supp. 8-259(a); *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516, 213 P.3d 1061 (2009).

K.S.A. 2017 Supp. 77-621(d) defines substantial evidence "'in light of the record as a whole'" to include the evidence both supporting and detracting from an agency's finding. Courts must determine whether there is substantial competent evidence supporting the agency's factual findings in light of all the evidence. *Sierra Club v. Moser*, 298 Kan. 22, 62, 310 P.3d 360 (2013). "Substantial competent evidence is 'evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can be reasonably resolved.' [Citations omitted.]" *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 73-74, 350 P.3d 1071 (2015).

The certified DC-27 form is admissible evidence even without the certifying officer's testimony in court. K.S.A. 2017 Supp. 8-1002(b); *State v. Baker*, 269 Kan. 383, 387, 2 P.3d 786 (2000); *Pfeifer v. Kansas Dept. of Revenue*, 52 Kan. App. 2d 591, 601, 370 P.3d 1200, *rev. denied* 305 Kan. 1252 (2016). Thus, if no evidentiary exclusion applies, the information contained in Ratzlaff's DC-27 form is evidence subject to admission and consideration by the district court. See *Martin*, 285 Kan. at 646.

Here, the district court had substantial competent evidence for finding reasonable grounds to uphold the administrative suspension of Ratzlaff's driving privileges. The certifying officer stopped Ratzlaff because an off-duty officer reported Ratzlaff driving recklessly. The certifying officer observed Ratzlaff operating a vehicle. He also saw Ratzlaff with bloodshot eyes, slurred speech, poor balance or coordination, and an odor

4

of alcoholic beverages. The officer noted on the DC-27 form that Ratzlaff admitted to consuming alcohol or drugs and failed her field sobriety tests. Ratzlaff's testimony only informs us her footwear was broken at the time of the stop, and she alleges she was avoiding road construction, not driving recklessly. Ratzlaff did not contest the facts shown on the DC-27 form.

Ratzlaff's facts are nearly identical to those in *Fischer*. In *Fischer*, another driver reported Fischer for reckless driving. The officer observed Fischer had bloodshot eyes and smelled of alcohol. Fischer also admitted he had consumed alcohol. Fischer failed his field sobriety tests and provided a PBT sample over the legal limit. The *Fischer* court determined those facts were substantial competent evidence to find reasonable grounds existed for Fischer's suspension and affirmed the district court's decision to uphold the administrative suspension of Fischer's license. 55 Kan. App. 2d at 232-33.

Here, even if the PBT results were excluded, which they are not, the district court still had substantial competent evidence to find reasonable grounds to uphold Ratzlaff's administrative suspension. The uncontroverted facts on the DC-27 indicated reasonable grounds to suspend Ratzlaff's driver's license. Ratzlaff is not entitled to relief.

Affirmed.