NOT DESIGNATED FOR PUBLICATION

No. 120,969

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUDREY L. DOORNBOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed January 21, 2020. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Audrey L. Doornbos appeals her sentence following her conviction for aggravated endangering a child. We granted Doornbos' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed a response, asking us to dismiss in part for lack of jurisdiction. Because we lack jurisdiction over a case in which the defendant pleads guilty and is given a presumptive sentence, we lack jurisdiction over Doornbos' claim regarding the length of her sentence. As to her challenge to the imposition of various court costs without pronouncing them in open court and without review of her financial condition, those claims also fail based on clear Supreme Court precedent. See *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015), *rev. denied* 303 Kan. 1078 (2016)

1

(Court of Appeals duty-bound to follow Kansas Supreme Court precedent absent indication Supreme Court departing from previous position).

As a result, we affirm in part and dismiss in part.

FACTUAL AND PROCEDURAL HISTORY

In September 2018, Doornbos pled guilty to one count of aggravated endangering a child, a severity level 9 person felony. Based on Doornbos' criminal history score of I and the crime's severity level, her presumptive sentence was probation with an underlying prison term of five, six, or seven months. See K.S.A. 2018 Supp. 21-6804(a). Based on the parties' recommendation, the district court sentenced Doornbos to 6 months' imprisonment but granted 12 months' probation. Doornbos appeals.

ANALYSIS

On appeal, Doornbos makes three challenges to her original sentence. First, she argues the district court erred in imposing a six-month prison sentence. Second, she argues the district court erred in ordering her to pay certain costs without pronouncing those costs at sentencing. Third, she argues the district court erred in ordering her to pay a Board of Indigents' Defense Services (BIDS) application fee without making findings on the record about her ability to pay that fee. We will address these arguments in turn.

*We lack jurisdiction over Doornbos' claim regarding the length of her sentence.*

Doornbos first challenges the length of her underlying prison sentence, but the State asks us to dismiss this part of her appeal for lack of jurisdiction. The State is correct. Appellate courts shall not review a sentence which falls within the presumptive range for a crime or which is the result of a plea. K.S.A. 2018 Supp. 21-6820(c). As

2

Doornbos received a presumptive sentence after pleading guilty, we lack jurisdiction to address Doornbos' challenge to the length of her sentence. See *State v. LaBelle*, 290 Kan. 529, 539, 231 P.3d 1065 (2010); *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194, *rev. denied* 306 Kan. 1322 (2017).

*The district court did not err in imposing certain court costs.*

Next, Doornbos argues the district court erred by imposing on her the obligation to pay certain mandated costs—DNA data base fee, fingerprint fee, Child Advocacy Center fee—without orally announcing the assessment of these costs at sentencing. But the Kansas Supreme Court has held these costs are not imposed as punishment and thus do not form part of a criminal sentence. As a result, these costs do not need to be stated in open court, though it may be a better practice to do so. *State v. Phillips*, 289 Kan. 28, 30, 210 P.3d 93 (2009).

*The district court did not err in imposing the BIDS application fee.*

Finally, Doornbos argues the district court erred by imposing a BIDS application fee as part of her costs without making findings on the record about her financial resources and the burden imposed. But the district court may include unpaid BIDS application fees, assessed when a defendant requests court-appointed counsel, in a sentencing order without making additional findings. *State v. Scaife*, 286 Kan. 614, Syl. ¶ 7, 186 P.3d 755 (2008).

Affirmed in part and dismissed in part.